## UNITED STATES v. ANGEL.
### No. 10710.

United States Court of Appeals
Seventh Circuit.

Feb. 5, 1953.

532

Robert H. Rice, East St. Louis, Ill., for appellant.

William W. Hart, U. S. Atty., and Ernest R. McHale, Asst. U. S. Atty., East St. Louis, Ill., Ray M. Foreman, Asst. U. S. Atty., Danville, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was adjudged guilty of violations of the Dyer Act, 18 U.S.C.A. §§ 2312, 2313. The first count of the information charged that defendant transported a stolen 1951 Chevrolet automobile from Toledo, Ohio, to Vandalia, Illinois, knowing same to have been stolen. The second count charged that defendant received and concealed a stolen 1951 Chevrolet automobile which was moving in interstate commerce, knowing said motor vehicle to have been stolen. The trial was to a jury, and defendant was found guilty as charged. Defendant was sentenced to imprisonment for four years.

Considering the evidence most favorable to the government, the jury was entitled to believe the following facts. A 1951 Chevrolet automobile owned by E. R. Squibb and Sons and used by its salesman, Petersen, was stolen at Toledo, Ohio, during the evening of May 12 or during the early morning hours of May 13, 1952. About a week prior to said date defendant, aged 21, and one Standish Downs, aged 17, were employed at Detroit, Michigan, to be members of a magazine sales crew. Angel and Downs and other members of the crew were driven to Middleton, Ohio, Angel and Downs traveling in a station wagon belonging to the employer. After remaining in Middleton for a few days, the selling crew was moved to Toledo, Ohio, Downs again traveling in the station wagon while defendant traveled by some other means. The selling crew customarily stayed at the same hotel. The income of the members of the crew depended on the number of magazine subscriptions they obtained and neither the defendant nor Downs was making a success of the venture, Angel having cleared $5 in one week over and above his expenses. Angel and Downs decided to quit, the latter telling Angel that he intended to go to Texas where his sister resided. Downs later stated to Angel that he had an automobile and in the early morning hours of May 13 he showed up with the 1951 Chevrolet. Angel and Downs agreed to

share the expense of the trip. Downs drove the car as they left Toledo and somewhere on the trip took off the license plates that were on the Chevrolet and replaced them with other license plates which he had stolen. Defendant and Downs alternated driving the automobile while the other slept in the rear seat. On the night of May 13, while Downs was driving the car, he saw a highway policeman turn his car around, and he turned the Chevrolet off onto a little-used side road. After proceeding a ways he woke up Angel, telling him that they were lost. Angel then proceeded to drive the automobile, which thereafter became mired. Angel and Downs then hitchhiked to a nearby city where they were arrested. Among articles found in the car by police officers were a suitcase belonging to Angel which, in addition to some clothing and pictures of his family, contained various articles manufactured by E. R. Squibb and Sons, and which had been left in the automobile by Petersen. Also a Walther .32 Cal. automatic pistol was found in the glove compartment, together with a certificate showing that same belonged to the defendant Angel. When officers questioned Angel about the ownership of the car, he looked at Downs and said, "We stole the car."

■ Defendant asserts that the admission, "We stole the car," is not sufficient to sustain a conviction for he claims there is no independent or corroborating evidence of the corpus delicti. We do not agree. Independent evidence of the corpus delicti necessary to corroborate extra-judicial confessions or admissions need not be of itself sufficient proof of guilt, but need only be a substantial showing which, together with the confession or admission, establishes in the jury's mind the crime beyond a reasonable doubt. Gulotta v. United States, 8 Cir., 113 F.2d 683.

■ We think the record discloses sufficient extrinsic corroborating circumstances which, when taken in connection with the confession, established defendant's guilt beyond a reasonable doubt. Vogt v. United States, 5 Cir., 156 F.2d 308.

■ Defendant also insists that permitting his gun to be placed in evidence over his objection was error, as he claims it was not connected with the crime and necessarily had an inflammatory effect on the jury. He points out that the gun was not in a condition to be fired and asserts that he had no intention of using it.

As the government was putting in its proof, it had no way of knowing that Angel would take the stand. The automobile had been abandoned. None of the witnesses had seen the defendant in the car. It was an important part of the government's case to prove the defendant was in the stolen automobile prior to the time that it became mired on the side road. Defendant's suitcase, gun, or other belongings were material evidence to show that he had been in the stolen automobile, and that he and his companion had brought it across a State line.

■ Defendant urges there is no substantial independent evidence that he knew the Chevrolet was stolen. In fact Downs testified at the trial that he stole the car and that defendant did not know it had been stolen. It is fundamental that proof of knowledge that the automobile was stolen was an essential element in the government's case, but such knowledge may be inferred from circumstantial evidence. United States v. Bucur, 7 Cir., 194 F.2d 297. When such circumstances are shown, the decision is for the jury. Brubaker v. United States, 6 Cir., 183 F.2d 894, 897.

■ The proof showed that the Chevrolet automobile was stolen the same night that the defendant and Downs left Toledo. The registration plates were changed while Angel was apparently in the car. No explanation was made how Downs, being in straitened financial circumstances, could have purchased a 1951 Chevrolet automobile on the night of May 12. It was clear from the evidence that he did not possess the automobile before that time. The very possession by the defendant of a recently stolen automobile justifies the inference that the possession by the defendant is a guilty possession, and may be of controlling weight unless explained by circumstances or accounted for in some way consistent with innocence. Seefeldt v. United States, 10 Cir., 183 F.2d 713, 715; Brubaker v.

United States, 6 Cir., 183 F.2d 894, 898; Niederluecke v. United States, 8 Cir., 47 F.2d 888.

The remaining assignment of error is with reference to the court's charge to the jury. However, no objection or exception was taken to the charge in the trial court. Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A. provides, "* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Of course in an exceptional case this court could sua sponte consider any error in the trial below. We do not think that this is such a case.

In examining the asserted error in the instructions we necessarily considered the merits of defendant's claim. We will not discuss the point in detail for the reason that objection was not timely made. Suffice it to say we find no prejudicial error in the instructions considered as a whole.

We have considered the other points on which defendant relies, and find them to be without merit.

Robert H. Rice, Esq., of East St. Louis, Illinois, was the court-appointed counsel for the defendant. We thank him for the able manner in which he has carried out his assignment.

The judgment of conviction will be affirmed.