Roice L. WEATHERHOLZ, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1564.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 1, 1954.

Decided Nov. 16, 1954.

James Mitchell Jones, Washington, D. C.,
for appellant.

Hubert B. Pair, Asst. Corp. Counsel,
Washington, D. C., with whom Vernon E.
West, Corp. Counsel, Chester H. Gray,
Principal Asst. Corp. Counsel and Harry
L. Walker, Asst. Corp. Counsel, Washing-
ton, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The attention of an officer of the U. S.
Park Police was drawn to the sound of an
"aeroplane type" muffler on an automobile
operated by defendant traveling at an un-
reasonable speed on Independence Avenue
near Seventh Street, S. W. He testified
that proceeding on, a short distance east
of Fourteenth Street, S. W., defendant
turned suddenly to the left across the path
of automobiles in the two center lanes;
that the officer as well as another motorist
had to stop suddenly to avoid colliding with
defendant's car, which made another sharp
left turn south into Fourteenth Street,
S. W., and sped toward Jefferson Memo-
rial; that the officer in pursuing defendant
reached a fifty-mile an hour speed, but
defendant was "drawing away" and at the
Jefferson Memorial cut suddenly to his
right in front of an automobile in one
of the inner or extreme right lanes; that
he was finally overtaken "on the bridge"
where he refused to stop until the officer
exhibited his gun.

Defendant offered no evidence, but stood
on a motion to dismiss for want of juris-
diction. The trial court found him guilty
of a speeding charge and of three charges
of moving across traffic lanes "when such
movement could not be made in reasonable
safety."

We are asked to rule that ap-
pellant was entitled to an acquittal because
the police officer omitted to say that the
offenses took place in the District of Co-
lumbia. Several years ago we ruled that
venue may be established by circumstances
and inferences, and by the commonly ac-
cepted meaning of words as well as by a

precise description.[1] There the testimony was that an offense had been committed at 601 New Jersey Avenue, N. W., but the prosecution omitted to prove by direct evidence that such address was in the District. We held that such omission was not fatal. We make the same ruling in this case. We take judicial notice (as the trial court evidently did, and properly so) that the route followed by the defendant—Independence Avenue, S. W., from Seventh to Fourteenth Street, south on Fourteenth Street past the Jefferson Memorial toward "the bridge"—is in this jurisdiction. We cannot say that the prosecution must fail because proof of venue was by indirect testimony rather than by specific words.

Affirmed.

1. Hoover v. District of Columbia, D.C. Mun.App., 42 A.2d 730, citing George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559. To the same effect are United States v. Karavias, 7 Cir., 170 F.2d 968; United States v. Spagnuolo, 2 Cir., 168 F. 2d 768; certiorari denied 335 U.S. 824, 69 S.Ct. 48, 93 L.Ed. 378.