**Vida Jane McMILLON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17730.**

United States Court of Appeals Fifth Circuit.

Dec. 10, 1959.

Rehearing Denied Jan. 22, 1960.

Bernard A. Golding, Houston, Tex., for appellant.

Norman W. Black, Asst. U. S. Atty., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

## PER CURIAM.

Tried to a jury on an indictment charging a conspiracy to pass, and substantive offenses respecting, counterfeit obligations of the United States, and her motion for judgment of acquittal denied, defendant was convicted and sentenced, and she has appealed upon three points of error. These, differing in wording but the same in substance, present the claim that the court erred in overruling her motion for acquittal and in adjudging her guilty because the evidence failed to establish as to her the essence of the offense, that the bills were counterfeit and that she had guilty knowledge that they were.

Appellee, pointing: to the undisputed evidence of the government agent, a part of which is copied into appellant's brief, narrating the bizarre and incredible story appellant told him about the notes and her connection with them which shows beyond any question that the claim, that those passing the notes did not know they were counterfeit, is completely and utterly fantastic; and to the fact that appellant offered no evidence; urges upon us that the appeal is without merit and the judgment must be affirmed.

Giving full effect to the rule stated by this court in Young v. United States, 5 Cir., 97 F.2d 200, 117 A.L.R. 316, and here invoked by appellant, as to the effect of the introduction by the government of exculpatory statements, it is sufficient to say: that the statement taken as a whole is not exculpatory but exceedingly inculpatory; and that we find ourselves in complete agreement with appellee's view that the evidence, including particularly appellant's own statement to the government agent, as testified to by him without contradiction of any kind by her, overwhelmingly established her knowledge that the notes were not genuine but counterfeit, and that she was bound to have known that she was embarking upon a dangerous criminal mission.

In short, without undertaking to set out the evidence of appellant's fantastic dealings with her benefactor, Al Capri, from whom she says she got the notes without money and without price, and taking the evidence as a whole, we think it plain that no other reasonable conclusion could have been drawn from it by the jury than that she knew that the notes which were so lavishly bestowed upon her by a stranger were counterfeit, and that her mission was to pass them when and how she could.

The trial was without error. The judgment is affirmed.