**Raymond CAMPBELL, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2752.**

Municipal Court of Appeals for the District of Columbia.

Argued May 8, 1961.

Decided July 11, 1961.

tempt § 13. See also Blackwelder v. Collins, 102 U.S.App.D.C. 290, 252 F.2d 854; Edwin v. Edwin, 304 Ill.App. 588, 26 N.E.2d 660.

Bernard W. Kemp, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

HOOD, Associate Judge.

Appellant was charged with a violation of Code 1951, § 22–1112, Supp. VIII, in

that he made "an obscene and indecent exposure of his person." Sitting without a jury the trial court found appellant guilty, and he takes this appeal.

At trial the government presented two young women complainants who testified they saw appellant standing between two apartment buildings with his trousers halfway down his hips exposing himself. Though the incident occurred at night, the area was illuminated by light from a nearby window and a street lamp. Both women made positive identification of appellant whom they had recognized on the night in question as the maintenance man of the apartment development in which they live.

In appellant's defense five witnesses testified that at the time of the alleged exposure appellant was with them far from the scene of the incident. Appellant himself denied the charge, claiming he was with his friends at the time the complaining witnesses said they saw him expose himself.

As the recitation of the evidence reveals, the trial court was presented with a disputed question of fact. The evidence was not more consistent with innocence than with guilt, as appellant claims; and the evidence for the prosecution if accepted, as it was, by the trier of the facts was sufficient to sustain a finding of guilt. McGhee v. District of Columbia, D.C.Mun.App., 137 A.2d 721.

Appellant, however, also urges us to reverse his conviction because of the alleged government failure to prove that the crime occurred within the District of Columbia. This contention has no merit. While there was no express testimony that the offense occurred in the District of Columbia, "venue may be proved by circumstances and inferences and the commonly accepted meaning of words as well as by precise decription." George v. United States, 75 U.S.App.D.C. 197, 201, 125 F.2d 559, 563. See also Weatherholz v. District of Columbia, D.C.Mun.App., 109 A.

2d 376; Hoover v. District of Columbia, D.C.Mun.App., 42 A.2d 730. Our review of the evidence concerning the location of the alleged crime satisfies us that venue was clearly shown by an abundance of indirect testimony.

Affirmed.