Robert GRAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17023.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 20, 1962.

Decided Nov. 29, 1962.

Mr. William A. Glasgow, Washington, D. C. (appointed by this court), for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Victor W. Caputy, Asst. U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee; Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges.

FAHY, Circuit Judge.

Appellant was convicted of the offense of interstate transportation of a stolen motor vehicle, violative of 18 U.S.C. § 2312. The principal contention for reversal, ably advanced by counsel appointed by this court, grows out of appellant's arrest and search without a warrant. The arrest, to which the search was incident, it is contended, was made without probable cause.[1] A set of automobile

---

1. The arrest occurred at the home of appellant's mother between 11 and 12 o'clock at night, almost immediately after the government's witness Brown had gone

to the Precinct Station, depositing with the police his license plates which he claimed then to have "just taken off the car." Within the hour police went with

keys was taken from appellant's person when he was searched at the time of his arrest. Soon thereafter he was taken to a Precinct Station and fingerprinted. Testimony about the keys and fingerprints taken from the car and those of defendant taken at the Station became material evidence at the trial. If it should be held that the arrest was unlawful, as appellant contends, then the use at the trial of the evidence obtained incidentally to the arrest would be prejudicial error.

The position of the United States is that the arrest was made on probable cause; and, if not, that the claim of error in the admission of the evidence is not now available to appellant because no motion, under Rule 41(e), Fed.R.Crim.P., to suppress the evidence was made either before or during the trial and there was no objection to its admission.

■ Because of the absence of such motion or objection we are asked to resort to Rule 52(b), Fed.R.Crim.P., which authorizes the court to notice plain error affecting substantial rights though the error was not brought to the attention of the court. We do not think this rule is available to us in this case because plain error does not appear. The contention to the contrary, as we have indicated, turns on the issue of probable cause for the arrest; but the facts regarding this issue were not developed in the trial court so as to enable us to find that the arrest was unlawful. In contrast, in Contee v. United States, 94 U.S.App.D.C. 297, 215 F.2d 324, the "sole source of information" upon the basis of which the arrest was made was before the court, thus placing the court in a position to pass upon its sufficiency. Here information was furnished to the arresting authorities by the witness Brown, see n. 1, supra. In addition, one of the arresting officers, in response to a question from appellant's trial counsel, testified that he "had previous knowledge, reliable information, that it [the car] had been stolen." [2] While this statement did not connect appellant with the car, the information supplied by Brown did so. Nevertheless, we do not decide that probable cause is shown to have existed when the arrest was made. We conclude only that we are not in a position to hold that it did not exist. This uncertain situation is attributable to appellant's failure before or during the trial to take appropriate and available means to clarify the matter, if he thought the evidence excludable. Accordingly, we do not use the "plain error" rule as a vehicle for reversing. We simply are unable to say that on this record there was plain error in not excluding the evidence. Moreover, we do not think the case calls upon us to exercise any discretionary authority which we have to remand for clarification of the matter.

■ We have considered the contention based upon the alleged insufficiency of the evidence, but we are satisfied the evidence gives adequate support to the verdict of the jury.

Affirmed.

---

Brown to the home of Gray's mother and made the arrest. The record does not reveal exactly what Brown told the police, although in their briefs both appellant and appellee assume that he told them the car in question was stolen by Gray and that he could lead them to Gray.

Testimony during the trial was to the effect that Brown had driven in the car with appellant from Missouri to Washington and that appellant had told him the car was stolen. There was also other evidence that the car was stolen. But it is by no means clear that the evidence tending to show these facts was known to the officers before the arrest.

2. Appellant's trial counsel apparently failed to pursue the matter of what this "previous knowledge" consisted, for the record reveals no follow-up question to this answer by the police officer.