UNITED STATES of America

v.

Robert GRAY, Defendant.

Cr. No. 948-61.

United States District Court
District of Columbia.

Feb. 15, 1963.

YOUNGDAHL, District Judge.

Petitioner was convicted by a jury of the offense of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312. After a motion for a new trial had been heard and denied, the petitioner was sentenced to 20 months to five years imprisonment. This judgment was affirmed by the Court of Appeals. Gray v. United States, 311 F.2d 126 (D.C.Cir. 1962). Petitioner has now moved, pursuant to 28 U.S.C. § 2255, to have his sentence and judgment vacated on the ground that he was denied his right to have the effective assistance of counsel. The principal

allegation in support of this contention is that petitioner's retained trial counsel failed to develop the facts surrounding his arrest with sufficient clarity to enable such arrest to be attacked at or before trial for lack of probable cause.[1]

Whether the petitioner need assert that his trial was "a mockery and a farce" in order to obtain a hearing pursuant to § 2255 for alleged ineffective assistance of counsel, Mitchell v. United States, 104 U.S.App.D.C. 57, 63, 259 F.2d 787 (1958), cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958), or whether some lesser degree of ineffectiveness might be sufficient, Mitchell, supra, 104 U.S.App. D.C. at 66, 259 F.2d at 794 (dissenting opinion), the conclusion in the instant motion is inescapable that the petitioner is not entitled to a hearing. In a direct appeal of this case which was "ably" argued by counsel appointed by the Court of Appeals, Gray, supra, 311 F.2d 126, that court specifically noted that trial counsel had failed to develop facts with sufficient clarity for the Court of Appeals to determine whether there was probable cause for the initial arrest of the defendant. The court further pointed out that this very failure prevented the court from invoking Rule 52(b), under which matters which are not brought to the attention of the trial court may be noticed if they are plain errors, since, if an error occurred at all in this case, it was not "plain."[2] Nevertheless, the Court of Appeals concluded that the matter was not important enough to warrant a remand for clarification, specifically declining to do so:

> "Moreover, we do not think the case calls upon us to exercise any discretionary authority which we have to remand for clarification of the matter.

"We have considered the contention based upon the alleged insufficiency of the evidence, but we are satisfied the evidence gives adequate support to the verdict of the jury." (311 F.2d p. 127.)

Since the Court of Appeals after direct review did not believe it necessary to remand for clarification of the point that retained trial counsel had failed to develop, this Court will not examine the same matter in this collateral proceeding. "[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, and the motion for a hearing will therefore be denied.

---

1. Petitioner's other allegations concerning failures of trial counsel will not be considered, because they are either so general as to be meaningless (e. g., "Failure of petitioner[']s defense attorney to question the discrepancy and variation of two of the witnesses of the Government") or obviously without any merit at all (e. g., that the Government had no right to dismiss the indictment against a co-defendant).

2. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Rule 52(b), Fed.R.Crim. P.