William G. WHITE, Appellant,

v.

**UNITED STATES, Appellee.**

No. 4085.

District of Columbia Court of Appeals.

Argued Sept. 14, 1966.

Decided Oct. 3, 1966.

Noel H. Thompson, Washington, D. C. (appointed by this court), for appellant.

Carol Garfiel, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Arthur L. Burnett, Asst. U. S. Attys., were on the brief, for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appeal from a conviction of petit larceny, Code 1961, § 22–2202.

A police officer testified that at 2:30 one morning, while driving in a squad car with his partner, he observed appellant carrying an automobile battery. He said he stopped, identified himself, and asked appellant whether the battery was his and where he had gotten it. Appellant responded that he was taking it to a service station for a friend whom he identified by name and address; that appellant offered to take the officers to the friend's car and voluntarily got into the police car; and the officers put the battery inside and proceeded to the location given by appellant, and the automobile was not there.

The officers asked appellant if he was telling the truth, "and he said that if he told us where he got the battery would we let him go." According to the police officer, appellant then offered to show the car, identified by make, year and license tag

number, and also gave the street address where it was actually located.

The owner of the automobile, a man named Mullin, appeared as a government witness and testified that at 3:30 on the morning in question the police had notified him of the incident and that later that morning he found that the battery was missing from his car.

One of appellant's contentions is that the evidence did not establish that Mullin owned the battery or had not given appellant permission to take it. This contention cannot be sustained, in view of the owner's testimony that the battery was "missing," and the other testimony we have recited above. It is settled that a defendant's admissions may be used to supply proof of any element of an offense as long as they are corroborated by independent evidence. Smith v. United States, 348 U.S. 147, 156, 75 S.Ct. 194, 99 L.Ed. 192 (1954). Also, as we have held, "the corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense was committed * * *." Brinker v. District of Columbia, D.C.Mun.App., 122 A.2d 768, 771 (1956). Here, there was such evidence, even independently of appellant's admissions.

Another error assigned is failure of the prosecution to expressly establish venue, in that it did not present specific testimony that the offense took place in the District of Columbia. Following long established precedent we have ruled that "venue may be established by circumstances and inferences, and by the commonly accepted meaning of words as well as by a precise description." Weatherholz v. District of Columbia, D.C.Mun.App., 109 A.2d 376 (1954), and see cases there cited. In this case the complaining witness identified his abode as "61 Bryant Street, North-west"; he also indicated that "the Metropolitan Police" had called him regarding the theft. The arresting officer also testified he was a member of the Metropolitan Police, 13th Precinct, and that the stripped vehicle was registered in the District of Columbia. This, with other references to "First Street" and "Branch Avenue," cumulatively constituted sufficient "reference in the evidence to the locality known or probably familiar" to the court to constitute proof of jurisdiction. George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559, 564 (1942).

Appellant contends that his admissions to the police were pursuant to an unlawful arrest and hence inadmissible. He rests this argument on the assertion that he was under arrest when he entered the squad car. Stopping a person by a police officer and putting questions to him as to his actions do not constitute an arrest. District of Columbia v. Perry, D.C.App., 215 A.2d 845 (1966). Our study of the transcript satisfies us that "non-coercive questioning was carried on in the course of a routine police investigation prior to arrest". Pennewell v. United States, 122 U.S.App.D.C. 332, 353 F.2d 870, 872 (1965). We note also that such questioning may well result in exculpation and that checking the story of a suspicious person is certainly permissible within reasonable bounds. United States v. Vita, 294 F.2d 524 (2d Cir. 1961), cert. denied, 369 U.S. 823, 82 S.Ct. 837, 7 L.Ed.2d 788 (1962). Very recently, the United States Court of Appeals for this Circuit held that the police "may, of course, question a citizen even though such questioning may involve a momentary 'detaining,'" and that this form of questioning is not custodial interrogation within Miranda v. State of Arizona.[1] Brown v. United States, decided July 26, 1966, 125 U.S.App. D.C. ——, 365 F.2d 976.

The officer's testimony that appellant offered to take him to the friend's

---

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, June 13, 1966.

automobile was not inherently incredible. Jackson v. United States, 122 U.S.App.D.C. 324, 353 F.2d 862, 867 (1965). Nor can that offer reasonably be construed to have been forced by any power exerted by the officer or by appellant's submission thereto. Kelley v. United States, 111 U.S.App.D.C. 396, 298 F.2d 310 (1961). As was said in *Miranda,* supra: "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence."

The trial judge was justified in finding that appellant was not under arrest until the time when it was discovered that the car and its owner were not at the place where he led the officers, and that the arrest was then justified and in no way violative of appellant's rights.

We commend assigned counsel for his thorough and painstaking presentation.

Affirmed.