**Carmon Earl PURYEAR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23609.

United States Court of Appeals
Fifth Circuit.

May 29, 1967.

Harold Bissonnet, Houston, Tex., for appellant.

Robert S. Travis, William L. Johnson, Jr., Asst. U. S. Attys., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., Bailey F. Rankin, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before THORNBERRY, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Puryear and co-defendant Estes were found guilty by jury verdict of having transported a stolen automobile in interstate commerce with knowledge that it had been stolen in violation of 18 U.S.C. § 2312.

The primary contention raised by appellant's able court-appointed counsel concerns the admissibility, under *Escobedo*,[1] of certain remarks made by appellant to the arresting officer before he had been told of his right to remain silent and to have the benefit of counsel. No objection was made at trial to the admission of the testimony now complained of. We are asked, however, to

1. Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

hold that its admission was plain error under Rule 52(b), Fed.R.Crim.P., 18 U.S.C. This we decline to do. Where no good reason is shown for the failure of appellant's trial counsel to object to the admission of evidence, the objection is deemed to have been waived. Toland v. United States, 9th Cir. 1966, 365 F.2d 304; Bouchard v. United States, 9th Cir. 1965, 344 F.2d 872. We are not confronted here with a situation that would lead us to hold that the introduction of the testimony in dispute so prejudiced the defendant's case in the eyes of the jury as to result in a miscarriage of justice. See Gray v. United States, 1962, 114 U.S.App.D.C. 77, 311 F.2d 126.

■ Appellant also contends that the charge to the jury was improper in that it was not in accordance with the decision of this Court in Young v. United States, 5th Cir. 1938, 97 F.2d 200. This claim is based upon the assertion that certain language in *Young* requires that where the government introduces into evidence an exculpatory statement of a defendant, the statement must be taken as true by the jury unless the government proves its falsity beyond a reasonable doubt. Even if we assume that this doubtful proposition be the law of this Circuit,[2] it would not benefit the appellant. No objection was made to the trial court's charge and clearly, upon the facts of this case, the supposed error asserted by appellant cannot be classified as plain error under Rule 52(b).

Having concluded that the other contentions raised by the appellant are without merit, we affirm.

2. The Court stated in *Young:*

    The Government did indeed, by introducing a completely exculpatory statement of defendant, * * * thereby raise a presumption in his favor that the exculpatory statements were true, which required their falsity to be shown beyond a reasonable doubt.

97 F.2d at 202. The only authorities cited for this proposition in the *Young* opinion are Texas cases. Furthermore, the pronouncement of this rule of law did not contribute to the decision of the case. Rather the conviction was reversed because of the erroneous admission of certain evidence.

    In the 29 years since the *Young* decision, the language relied upon by appellant has been alluded to in judicial opinions upon only two occasions. McMillon v. United States, 5th Cir. 1960, 272 F.2d 170; De Luna v. United States, 5th Cir. 1955, 228 F.2d 114. In neither case did the Court feel that application of the *Young* language called for reversal. It should also be noted that we have found no case in which another federal court has considered the proposition stated in *Young* to be part of the federal criminal jurisprudence. Assertions similar to that raised by appellant have been rejected on numerous occasions. E.g., United States v. Gordon, 3rd Cir. 1957, 242 F.2d 122, 126; Epps v. United States, 1946, 81 U.S.App.D.C. 244, 157 F.2d 11; United States v. Schwartz, E.D.Pa.1963, 213 F.Supp. 306, rev'd on other grounds, 3rd Cir. 1963, 325 F.2d 355.