Wendell C. BEST, Appellant,

v.

UNITED STATES, Appellee.

No. 4365.

District of Columbia Court of Appeals.

Argued Dec. 18, 1967.

Decided Feb. 7, 1968.

Joseph H. Schneider, Washington, D. C. (appointed by this court) for appellant.

Albert W. Overby, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and David M. Barrett, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Judges.

MYERS, Associate Judge:

After a non-jury trial, appellant was convicted of carrying a deadly weapon. D.C. Code (1967) § 22–3204.

The arresting officer testified at trial that, while on patrol at 12:45 a. m. on a Saturday morning, he noticed appellant and another man in the hallway of a building. Upon being questioned, appellant was unable to give a logical explanation for his presence there. From the building manager, who came upon the scene, the officer learned that the building was usually kept locked and the public was not invited to enter. As appellant was unable to justify his presence on the premises, the officer placed him under arrest for unlawful entry [1] and, based on statements made to the officer by appellant and his companion, for attempted procuring.[2] A search of appellant's person, conducted subsequent to the arrest, uncovered a hawk-bill knife in his pocket, and appellant was also charged with carrying a deadly weapon. Appellant was prosecuted, however, only for carrying a deadly weapon.[3]

Appellant, testifying on his own behalf, stated that he was employed as manager of a tourist home owned by his mother-in-law who had given him the knife to use in laying linoleum there; that on the night of his arrest he had been laying linoleum, but, after finishing the work and going home, he then went on a personal errand, still carrying the knife in his pocket. No other witness testified.

At trial, counsel for appellant moved for judgment of acquittal on the ground that the knife was not an inherently dangerous weapon, but a tool. After taking into consideration the circumstances under which appellant was found in possession of the knife, the time and the place, the trial judge, as trier of fact, held that the knife was a dangerous weapon, found appellant guilty as charged, and imposed a six-month sentence.

 There is no doubt that under certain circumstances a hawk-bill knife can be a dangerous weapon within the contemplation of D.C.Code (1967) § 22–3204. Perry v. United States, D.C.App., 230 A.2d 721 (1967). It is the function of the trial judge, as trier of fact, to make this determination. In the instant case, we believe his conclusion has ample support in the record.

 Before us appellant claims that the trial judge erred in failing *sua sponte* to dismiss the charge because there was no direct testimony that the offense occurred in the District of Columbia. Following long established precedent, we hold that "venue may be proved by circumstances and inferences and the commonly accepted meaning of words as well as by precise description." Hoover v. District of Columbia, D.C.Mun. App., 42 A.2d 730, 732 (1945), citing George v. United States, 75 U.S.App.D.C. 197, 201, 125 F.2d 559, 563 (1942). See also White v. United States, D.C.App., 222 A.2d 843, 845 (1966); Campbell v. District of Columbia, D.C.Mun.App., 172 A.2d 557 (1961); Weatherholz v. District of Columbia, D.C. Mun.App., 109 A.2d 376 (1954). In the instant case, the arresting officer, a member of the Metropolitan Police Department,

1. D.C.Code (1967) § 22–3102.

2. D.C.Code (1967) § 22–103.

3. The Government's primary witness on the attempted procuring charge was on military duty in Vietnam and therefore unavailable to testify at trial. The record does not reveal why the unlawful entry charge was not prosecuted.

stated that he first saw appellant and finally made the arrest on the premises of 1901 Sixteenth Street, N. W. Appellant himself referred to his local residence and to other places he had been on the night of his arrest, all obviously in the District of Columbia. Taken cumulatively, these references were sufficiently descriptive of the locality in which the crime took place to establish jurisdiction in the trial court.

■ On appeal appellant contends for the first time that his arrest was unlawful and the subsequent search of his person and seizure of the knife therefore violative of his constitutional rights. The legality of the arrest was not challenged below, nor was a motion to suppress made. On the contrary, appellant stipulated that he was carrying the knife and also testified that it was in his possession. The Supreme Court has long held that the preservation of constitutional rights on appeal requires a seasonable objection. Schmerber v. United States, 384 U.S. 757, 765–767 n. 9, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Gray v. United States, 114 U.S.App.D.C. 77, 311 F.2d 126, cert. denied, 374 U.S. 838, 83 S.Ct. 1886, 10 L.Ed.2d 1057 (1963). Absent plain error, appellant's failure to voice any objection to the introduction of the knife in evidence prevents him from claiming on appeal that admission of the knife was error. At the least, the record discloses that the police officer had sufficient ground for a legal arrest because appellant was committing the crime of unlawful entry in the police officer's presence. After valid arrest, the right to search appellant naturally followed. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). We find no plain error in the introduction of the knife in evidence at trial.

■ The prosecution did not seek to introduce into evidence any statements made by appellant. Appellant's contention that the prosecution's failure to prove that he was advised of his constitutional rights at the time of arrest is thus without merit. The principles enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are not applicable to the case at bar.

Affirmed.