**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Horace TEASLEY, Defendant-Appellant.**

**No. 17133.**

United States Court of Appeals
Seventh Circuit.

April 3, 1969.

William M. Evans, Indianapolis, Ind., Horace Teasley, in pro. per., for appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for appellee.

Before FAIRCHILD and KERNER, Circuit Judges, and HOLDER,* District Judge.

KERNER, Circuit Judge.

Defendant Teasley appeals from his conviction (without jury) of violating the Dyer Act, 18 U.S.C. § 2312, by knowingly transporting a stolen vehicle from Chicago, Illinois to Gary, Indiana. We affirm.

At the time of his arrest, after being fully warned of his constitutional rights, Teasley gave a statement to F.B.I. Agent Standifer. In the statement, Teasley admitted transporting the car across the state line but alleged that he bought it in Chicago for $200 cash and did not receive a bill of sale or title for it. The statement also contained various allegations relating to where and when defendant was working. The government presented the uncontradicted testimony of the alleged employers which refuted the allegations relating to employment.

██ Defendant contends that since his exculpatory statement was introduced by the Government, it must be taken as true in the absence of proof of its falsity beyond a reasonable doubt. We reject this contention. The readily verifiable facts in the statement were shown to be false by uncontradicted testimony. Accordingly, there is no reason to accord the statement any probative value, much less a presumption which was rejected by the only circuit which ever found it to exist. Puryear v. United States, 378 F.2d 29 (5th Cir. 1967) (per curiam) and cases cited therein at 30 n. 2. See also, 23 C.J.S. Criminal Law § 909 at 581–585. We believe the court below was correct in considering this statement to be so incredible and patently false that it could infer a consciousness of guilt from it once the uncontradicted testimony was admitted. United States v. Fabric Garment Co., 262 F.2d 631, 639 (2d Cir. 1958), cert. denied, 359 U.S. 989, 79 S.Ct. 1117, 3 L.Ed.2d 978 (1959).

██ Defendant also contends that the corpus delicti was not proved as there was no showing by the Government that he knew that the car was stolen. It is well established, in this Circuit as in all the others, that the possession of a recently stolen vehicle gives rise to an inference of knowledge of its theft in the absence of a satisfactory explanation to the contrary. United States v. Angel, 201 F.2d 531 (7th Cir. 1953), and Annot., 56 A.L.R.2d 1309, 1360 et seq., § 41(a) et seq. The Indiana cases cited to us are inapplicable to this federal prosecution.

We are grateful to William M. Evans of the Indiana Bar who represented the defendant before us as court-appointed counsel.

For the foregoing reasons, the judgment of conviction is affirmed.

Affirmed.

---

* Judge Holder is sitting by designation from the Southern District of Indiana.