433 F.2d 948
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Bruno ALEA, Defendant-Appellant.
 No. 29742 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
 
 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Oct. 26, 1970.
 Carlos Fernandez (Ct. Apptd.), Miami, Fla., for appellant.
 Robert W. Rust, U.S. Atty., Neal R. Sonnett, Asst. U.S. Atty., Miami, Fla., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jose Bruno Alea, after a plea of not guilty, was convicted by a jury of passing, with intent to defraud, counterfeit money in violation of 18 U.S.C. 472.[1] He appeals from this jury verdict, contending that the evidence was insufficient to uphold the verdict on the issue of intent to defraud. A review of the evidence presented against the appellant is therefore necessary.
 
 
 2
 The Government's first witness was a fifteen-year-old boy who worked at the Enco Service Station where the appellant allegedly passed one of the bills in question. He testified that the appellant came into the station in a 1965 or 1966 red Impala four-door sedan and requested $3.00 worth of regular gas. The appellant gave the boy a $10.00 bill to pay for the gas. While walking back to the station to get change, the boy noticed that the bill 'felt funny' and he asked the station supervisor to look at it. The supervisor also thought that the bill did not 'look right' and instructed the boy to make a note of the appellant's license plate and the type of car, and to take a good look at the appellant. The boy, having followed these directions, was later able to identify the appellant in the courtroom; and the car and license number was later checked out to belong to the appellant. The station supervisor was also called as a witness and he gave substantially the same testimony as the 15-year-old boy.
 
 
 3
 The Government's next witness was the Vice-President of a local bank who testified that a few days after the service station incident, he received a bill that he determined to be counterfeit. This bill had a license plate number in the upper right hand corner, which turned out not to be the appellant's, but did belong to a 1969 Chevrolet Caprice that had been seen in front of the appellant's house.
 
 
 4
 The Government's last witness, a Secret Service Agent, testified that the bills were counterfeit, and explained how he could tell they were. He also testified to having seen the Chevrolet Caprice in front of the appellant's house.
 
 
 5
 We find nothing in this evidence that would support a jury finding of guilty knowledge. It is well settled in this Circuit that the mere passage of bills is not sufficient to show knowledge. Paz v. United States, 5th Cir. 1967, 387 F.2d 428; Ruiz v. United States, 5th Cir. 1967, 374 F.2d 619. The evidence we have here supports the fact that the appellant passed the bill in question, but it has no probative value in so far as guilty knowledge is concerned. There is no evidence of the sort that has been accepted to support a finding of guilty knowledge in other cases, such as repeated use of large counterfeit bills rather than change received from earlier purchases, Ruiz v. United States, supra; acquisition of the bills by the accused at a discount or under other circumstances that would cause one to be suspicious of their genuineness, McMillon v. United States, 5th Cir. 1960, 272 F.2d 170; or knowledge that the bill has previously been turned down as being no good, United States v. Casey, 5th Cir. 1970, 431 F.2d 953.
 
 
 6
 None of these differentiating circumstances is shown in this case. The Government argues, however, that if a fifteen-year-old boy is able to detect that a bill is counterfeit, surely it would be reasonable for the jury to infer that the accused knew it was counterfeit. To accept this argument would be to allow a conviction to stand when no more than mere passage of the bill has been shown. Under the Government's theory innocent persons who may not be as observant as this fifteen-year-old boy could be apprehended and convicted for passing money, the genuineness of which they never even thought to examine.
 
 
 7
 We conclude that the substantial evidence standard under which we review jury findings has not been met in this case. Paz v. United States, supra. The appellant should not be tried again unless evidence of guilty knowledge is developed additional to that presented at the trial appealed from.
 
 
 8
 Reversed and remanded for proceedings not inconsistent with this opinion.
 
 
 
 [1]
 18 U.S.C. 472 reads as follows:
 Whoever, with intent to defraud, passes, utters, publishes, or sells or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.