Gregorio Vega **DE LUNA**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15625.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1955.

Rehearing Denied Feb. 9, 1956.

Leonard Brown, Guy Bonham, San Antonio, Tex., for appellant.

Harman Parrott, Asst. U. S. Atty., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HOLMES, RIVES and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

Appellant and his co-defendants waived a jury trial in writing, as permitted by Rule 23, Federal Rules of Criminal Procedure, 18 U.S.C.A., and were tried by the court without a jury. The court made a general finding that the appellant was guilty under Counts 8 and 9 of a nine-count indictment, and sentenced him to imprisonment for a term of four years and to pay a fine of $100.00. Count 8 charged that appellant and his co-defendants "fraudulently and knowingly received, concealed and facilitated the transportation and concealment of a narcotic drug, to-wit; 701 grains of heroin, after the said narcotic drug had been imported and brought into the United States contrary to law." Count 9 charged that the appellant and his co-defendants "knowingly and fraudulently purchased from some person to the grand jury unknown, 701 grains of heroin not in or from the original stamped package." See 21 U.S.C.A. § 174. The only question presented by the appeal is the sufficiency of the evidence to sustain the appellant's conviction.

On the night in question, a narcotic agent contacted co-defendant Flores and arranged for a prompt delivery of a large quantity of heroin to a certain cafe in New Braunfels, Texas. About an hour later, appellant drove by the cafe, then circled back and parked. Flores, who was a passenger, went into the cafe and was followed in a moment by appellant. They were both arrested. On the person of Flores, the agent found 701 grains of heroin and two pistols. A third pistol was found in the glove compartment of appellant's car. Through the serial numbers on the guns, one of the pistols carried by Flores and the pistol found in the glove compartment of appellant's car were identified as having been sold to the appellant by a pawn broker in Denver.

The pawn broker appeared as a witness and identified appellant as the person to whom he had sold the pistols on September 30, 1954, about six weeks before the arrest. On the occasion of a previous sale of narcotics to the same agent, co-defendant Flores had displayed a small "white, silver colored looking pistol, .32, I think, and showed it to us, and said, 'I was scared I was going to get hijacked.' I told him I was scared we were going to get hijacked too, and I showed him my gun under a pillow."

After the arrest, appellant was told of his rights and stated to the agents that he did not know anything about the heroin; that he had met Flores some weeks before, and on this particular night he was driving from San Antonio to San Marcos beyond New Braunfels and, on his way out of San Antonio, he saw Flores hitchhiking and recognizing him, picked him up and carried him to New Braunfels, some 30 miles away.

Citing Young v. United States, 5 Cir., 97 F.2d 200, 117 A.L.R. 316,[1] appellant insists that it must be presumed that such statement is true until the Government proves it false beyond a reasonable doubt. In addition, appellant urges that the only evidence of his knowledge and participation in the crime was circumstantial and very weak, and did not exclude every hypothesis except that of guilt; that there was no proof that appellant knew that Flores had heroin with him, or that he and Flores had ever been seen together except at the time of their initial meeting and on the night in question.

The Government points out first that appellant made no motion for judgment of acquittal, apparently relying upon the rule, that in the absence of such a motion the sufficiency of the evidence will be reviewed by the appellate court only to prevent a manifest miscar-

1. "The Government did indeed, by introducing a completely exculpatory statement of defendant, in which he denied having given Martinez either a gun, or any instructions whatever as to guarding the still or shooting it out with officers, thereby raise a presumption in his favor that the exculpatory statements were true, which required their falsity to be shown beyond a reasonable doubt." Young v. United States, 5 Cir., 97 F.2d 200, 202, 117 A.L.R. 316.

riage of justice. See Demos v. United States, 5 Cir., 205 F.2d 596; Colt v. United States, 5 Cir., 160 F.2d 650. Rule 29 of the Federal Rules of Criminal Procedure substituted motions for judgment of acquittal in lieu of motions for directed verdict. It seems to us that there is no occasion for such a motion in a trial by the court without a jury under Rule 23, Federal Rules of Criminal Procedure. It must naturally be assumed on such a trial that the defendant is requesting acquittal at the court's hands, otherwise there would be no occasion for him to plead not guilty, and submit to a trial. The motion for judgment of acquittal discussed in United States v. Maryland & Virginia Milk Pro. Ass'n, D.C.D.D.C., 90 F.Supp. 681, by Judge Holtzoff was made at the close of the Government's case. There is no indication in that opinion that such a motion is essential at the close of all of the evidence to justify appellate review. Cf. 3 Am.Jur., Appeal & Error, Sec. 386; Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. We think that the findings of the trial court should be reviewed to find whether they are supported by any substantial evidence. See United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562; Blodgett v. United States, 8 Cir., 161 F.2d 47, 55; cf. United States v. Nardone, 2 Cir., 127 F.2d 521. The test is substantially the same as in reviewing the failure of the district court to direct a judgment of acquittal under Rule 29. See Vick v. United States, 5 Cir., 216 F.2d 228; Lloyd v. United States, 5 Cir., 226 F.2d 9. In each case the appellate court passes not on the weight of the evidence, but on a question of law. In this case, was the evidence sufficient to justify the trial judge, as a reasonable man, in concluding beyond a reasonable doubt that it was not only consistent with defendant's guilt, but was inconsistent with any reasonable theory of his innocence, and that the defendant was guilty? We think that the evidence clearly was so sufficient. It warranted the finding that the appellant knew of and participated in the acts in question. The district court could reasonably have believed that more than mere chance brought co-defendant Flores and appellant together on the night in question; that Flores did not arrive in New Braunfels one hour after speaking to the narcotic agent and just happened to be picked up by appellant while hitchhiking; that appellant's passing by the cafe and returning immediately from the opposite direction and alighting shortly after Flores, were circumstances more than mere chance; that Flores being armed with a gun on his person, purchased by appellant some six weeks previously, was inconsistent with appellant's statement that he saw Flores hitchhiking and, recognizing him, picked him up and carried him to New Braunfels, some 30 miles away, while appellant was going still further for a cup of coffee; in short, that the explanation offered by appellant approached the absurd and, beyond a reasonable doubt, was false. Young v. United States, supra. We think that there was ample evidence to sustain appellant's conviction, and the judgment is therefore

Affirmed.