Robert BECK, Appellant,

v.

STATE of Alaska, Appellee.

No. 611.

Supreme Court of Alaska.

Dec. 20, 1965.

Warren A. Taylor, Fairbanks, for appellant.

Warren C. Colver, Atty. Gen., of Alaska, Juneau, William H. Fuld, Asst. Atty. Gen., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant waived trial by jury in the district magistrate court, and after a trial by the court was convicted of operating a motor vehicle while under the influence of intoxicating liquor.[1] He appealed to the superior court where his conviction was affirmed.[2] On appeal to this court appellant contends that the state failed to prove his guilt beyond a reasonable doubt.

The state presented one witness, Lowell Parker, a trooper with the Alaska State Police. Parker testified that at approximately 1:00 a. m. on August 9, 1964 he followed defendant's automobile for about two miles along the Chena Hot Springs road, which was about two and one-half miles from the City of Fairbanks. Parker said that appellant was driving at about

1. Appellant was also concurrently tried and convicted on a charge of improper vehicle registration. This latter conviction is not before us on appeal.

2. The superior court heard the appeal on the record and the parties' briefs.

20 miles per hour, and that his car was weaving badly across the center line and on to the shoulder of the road. Parker stopped appellant and noticed a strong smell of liquor on his breath. He had appellant walk as straight as he could from appellant's to Parker's car and back, the distance between the two cars being about 25 to 30 feet. Parker said that appellant was unsteady on his feet, that he weaved around and was slow, and that he was "more or less staggering along."

Appellant was asked by Parker to stand straight with his head back and his eyes closed and touch his nose with his finger. Parker stated that appellant tried to do this but would not keep his head back and would not keep his eyes closed. He also stated that he gave appellant a balance test by asking him to stand on one foot, and that appellant was unable to do this for any length of time. Parker said that appellant had no trouble with his speech.

According to Parker, appellant stated that he had just left a friend's house where he had had dinner and a few drinks. It was Parker's opinion that appellant was definitely under the influence of intoxicating liquor.

Two witnesses testified for the defense— appellant, and his wife who had been riding with him at the time he was stopped by Parker. Their testimony, in substance, was that appellant had not been drinking, and that he did not tell Parker that he had been drinking; that the only time his car swerved across the center line of the road was when his wife's purse fell to the floor of the car and he leaned over

to pick it up; that he had driven on the shoulder of the road in order to let Parker pass him; that he had had no trouble in walking between the two cars after Parker stopped him, and that he did not stagger or lurch but walked normally; that he had always had difficulty in standing on one foot with his eyes closed and has never been able to do the finger to nose test because of a lack of balance; that his chest was taped because of broken ribs and that to put his head back and touch his nose with his finger took all his breath away because of the tape around his ribs; and that his ribs were hurting but that he didn't complain to Parker about the pain because "it wouldn't have done any good."

Appellant challenges the sufficiency of the evidence to support a finding that his guilt was proved beyond a reasonable doubt. In determining the issue raised by such challenge, the evidence and the inferences to be drawn therefrom are to be viewed in a light most favorable to the state.[3] The question, then, is whether the finding of guilt is supported by substantial evidence,[4] that is, such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellant's guilt.[5]

We hold that there was substantial evidence to support a finding by the district magistrate court that appellant was guilty of the offense with which he was charged. The district magistrate heard the evidence, had the opportunity to observe the demeanor of the witnesses, and saw the demonstrations as to how the appellant performed when asked to walk a

3. Seefeldt v. United States, 183 F.2d 713, 715 (10th Cir. 1950). This is the rule applied on motions for judgment of acquittal in a jury case. Bush v. State, 397 P.2d 616, 618 (Alaska 1964); Eaton v. State, 390 P.2d 218, 219 (Alaska 1964).

4. United States v. Owen, 231 F.2d 831, 833 (7th Cir.), cert. denied, 352 U.S. 843, 77 S.Ct. 42, 1 L.Ed.2d 59 (1956); Seefeldt v. United States, supra note 1.

5. This definition of "substantial evidence" is in accord with the definition given that term in a civil action: "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Keiner v. City of Anchorage, 378 P.2d 406, 411 (Alaska 1963).

straight line. It was his function, and not ours, to determine the credibility of the witnesses.[6] This is what the magistrate did. He stated that he believed what Parker testified to. If Parker's testimony is to be accepted as true, one could reasonably conclude that there was no reasonable doubt that appellant had been driving while under the influence of intoxicating liquor.

It is true, as appellant points out, that the magistrate stated that this was a pretty difficult case, that the case was not the strongest one that he had heard, and that he would have found for the appellant if it had not been for Parker's testimony. But this does not mean that the magistrate did not find guilt beyond a reasonable doubt or that the evidence did not justify such a finding. The magistrate made it abundantly clear that he believed Parker's testimony, and that he was persuaded that there was proof of guilt beyond a reasonable doubt. As we have stated, the evidence justified such a finding.

The state contends that appellant's failure to move for a judgment of acquittal at the close of either the state's case or at the close of all the evidence resulted in a waiver of appellant's right to question the sufficiency of the evidence. There is no merit to such contention. Criminal Rule 29, which deals with motions for judgment of acquittal, pertains only to jury tried cases and not to cases tried by the court without a jury under Criminal Rule 23(c).[7]

The judgment is affirmed.

6. United States v. Cook, 184 F.2d 642, 644 (7th Cir. 1950); Hanrahan v. City of Anchorage, 377 P.2d 381, 384 (Alaska 1962); Gilley v. City of Anchorage, 376 P.2d 484 (Alaska 1962); accord, Goss v. State, 369 P.2d 884, 885 (Alaska), cert. denied, 371 U.S. 843, 83 S.Ct. 75, 9 L.Ed. 2d 79 (1962); Davis v. State, 369 P.2d 879, 881 (Alaska 1962); see Chirikoff Island Cattle Corp. v. Robinette, 372 P.2d 791, 794 (Alaska 1962).

7. Crim.R. 23(c) provides:
   *Trial Without a Jury.* In a case tried without a jury the court shall make a general finding and shall, in addition, on request, find the facts specially.
   DeLuna v. United States, 228 F.2d 114, 116 (5th Cir. 1955). But see Beltran v. United States, 302 F.2d 48, 52 (1st Cir. 1962).