184

Warren A. TAYLOR, Appellant,

v.

CITY OF FAIRBANKS, Appellee.

No. 860.

Supreme Court of Alaska.

Jan. 23, 1968.

Warren A. Taylor, Fairbanks, pro se.

Stephen S. DeLisio, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

PER CURIAM.

Appellant was tried by the district court without a jury for the traffic offense of making a left turn with his vehicle on a red traffic light. He was found guilty and fined $75. He appealed to the superior court where the district court judgment was affirmed. He now appeals to this court, contending primarily that the evidence was not sufficient to support the judgment of conviction.

Appellant testified that the light was green when he made the turn. A passenger in appellant's car testified that he saw the yellow caution light come on for the intersecting street as appellant began to negotiate the turn, and so he assumed from this that the light facing appellant was green when the turn was made. A police officer testified that he observed appellant make a left turn when the light was red.

Substantial evidence to support a finding that a defendant is guilty of the offense with which he is charged exists when there is relevant evidence adequate to support a conclusion by a reasonable mind that there is no reasonable doubt as to the defendant's guilt.[1] That is the situation here. The district judge heard the witnesses and observed their demeanor. It was his function, and not ours nor that of the superior court, to determine their credibility. That is what he obviously did. It is apparent that he believed what the police officer testified to and disbelieved appellant. If the officer's testimony is to be accepted as true, one could reasonably conclude that there

---

1. Beck v. State, 408 P.2d 996, 997 (Alaska 1935).

was no reasonable doubt that appellant made a left turn on a red light.[2] The district judge's finding of guilt is supported by substantial evidence.

■ Appellant attributes the finding of guilt to bias and prejudice on the part of the district judge, and says that this is evidenced by the imposition of a fine of $75. We find nothing in the record indicative in any manner of bias or prejudice. The $75 fine was within the bounds of discretion vested in the district judge in such matter. We see no reason to interfere.

The judgment is affirmed.

2. Beck v. State, supra note 1 at 998.