**Jack MARTIN and Antoinette R. Genis, Appellants,**

v.

**CITY OF FAIRBANKS, Appellee.**

No. 1048.

Supreme Court of Alaska.

June 23, 1969.

ette Genis, were each convicted of violating Fairbanks City Ordinance § 4.408(c)[1] by allowing minors to remain on premises licensed to sell intoxicating beverages. Appellant Genis was also convicted on another count under the same ordinance: serving liquor to minors. On appeal to the superior court appellants questioned the sufficiency of the evidence as to whether vodka and bourbon were shown to be intoxicating beverages, whether Genis served the minors, and whether Martin and Genis allowed the minors to remain on the premises. The superior court affirmed the convictions, and appellants took this appeal.

In this court appellants again question the sufficiency of the evidence to support their convictions. In appellants' statement of points on appeal to this court, appellant Genis raises a new issue: that she could not be convicted on two counts under the ordinance, because both counts arose out of the same act.

Before determining whether the evidence to support the convictions was sufficient, several procedural issues must be clarified. Appellants ask us to judge the sufficiency of the evidence as of the time of appellants' motion for acquittal which was made at the close of the prosecution's case-in-chief.

Although appellants cite no authority, we presume that their motion for acquittal was made pursuant to Criminal Rule 29(a).[2] This case was tried before a judge, not a jury. This court in Beck v. State, 408 P.2d 996, 998 (Alaska 1965) has held that Crim-

William B. Emmal, Fairbanks, for appellants.

Howard Staley, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND, RABINOWITZ, CONNOR and BONEY, JJ.

BONEY, Justice.

After a trial without a jury in the district court, appellants, Jack Martin and Antoin-

---

1. Section 4.408(c) provides

 A licensee, or his employee, who allows to remain upon licensed premises where intoxicating liquor is sold, a person under the age of twenty-one (21) years not in company of his parent or legal guardian or spouse who has attained the age of twenty-one (21) years, or sells, gives, or serves intoxicating liquor to a person under the age of twenty-one (21) years without having procured the signature of the person upon a statement as provided in this section, or who knowingly sells, gives, or serves intoxicating liq-

 uor to or allows the person to remain on licensed premises where intoxicating liquor is sold, is guilty of a misdemeanor.

2. Crim.R. 29(a) states

 Motions for directed verdict shall not be used and motions for judgment of acquittal shall be used in their place. The court, on motion of a defendant or of its own motion, shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction

inal Rule 29(a), dealing with motions for acquittal, applies only to jury-tried cases, and that a defendant in a judge-tried case can test the sufficiency of the evidence on appeal without ever having moved for judgment of acquittal. In so deciding, this court relied upon DeLuna v. United States, 228 F.2d 114, 116 (5th Cir.1955) where it was said:

> Rule 29 of the Federal Rules of Criminal Procedure substituted motions for judgment of acquittal in lieu of motions for directed verdict. It seems to us that there is no occasion for such a motion in a trial by the court without a jury under Rule 23, Federal Rules of Criminal Procedure. It must naturally be assumed on such a trial that the defendant is requesting acquittal at the court's hands, otherwise there would be no occasion for him to plead not guilty, and submit to a trial. * * *

 In the present case a motion for acquittal was entertained by the district court at the close of the prosecution's case-in-chief. Based on *Beck* and *DeLuna* such a motion does not have any substantive effect. At the close of the case-in-chief, if the prosecution has failed to establish the defendant's guilt, the trial judge should, *sua sponte*, order a judgment of acquittal. The trial judge may permit the defendant to argue a motion for acquittal at this time, if the judge feels that argument of counsel would be helpful in deciding the adequacy of the case-in-chief. However, such a motion is not a prerequisite to any subsequent proceedings in a judge-tried case. Furthermore, with regard to viewing the record on appeal, the motion for ac-

quittal has no more effect in a judge-tried case than in a case tried before the court and a jury. If the trial judge refuses to order an acquittal after the case-in-chief, the defendant may test the refusal by introducing no evidence and resting his case directly. If the defendant proceeds to put on his case, he risks curing any defects which may have existed in the prosecution's case-in-chief. On appeal the record as a whole is viewed, not just the prosecution's case-in-chief, regardless of when a motion of acquittal is made. This rule of law is applied in the federal courts under Federal Rules of Criminal Procedure 29(a) which is similar to the Alaska rule.[3] The rule is also uniformly applied in state courts.[4] In 8 Moore, Federal Practice ¶ 29.05 (1968) recent criticism of the rule is discussed;[5] however, we conclude that an adequate attack on the rule has not been demonstrated. Thus on appeal the record as a whole will be considered, not just the prosecution's case-in-chief.

 Viewing the record as a whole, the standard for testing the sufficiency of the evidence to support a finding that guilt has been proven beyond a reasonable doubt is set forth in Beck v. State, 408 P.2d 996, 997 (Alaska 1965) and recently in Lanier v. State, 448 P.2d 587, 594 (Alaska 1968): when presented with a specification of error that the trial court erred in failing to grant a motion for judgment of acquittal, the Supreme Court will consider only those facts in the record most favorable to the prosecution and such reasonable inferences as a jury may have drawn from them. Viewing the record most favorably to the prosecution, the question is whether the

of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the state's case is not granted, the defendant may offer evidence without having reserved the right.

3. United States v. Calderon, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed. 202, 207–208 (1954); Hiatt v. United States, 384 F.2d 675, 676 (8th Cir. 1967) cert. denied 390 U.S. 998, 88 S.Ct. 1203, 20 L.Ed.2d 97 (1968); Maulding v.

United States, 257 F.2d 56, 58, 17 Alaska 592 (9th Cir. 1958).

4. State v. Villegas, 101 Ariz. 465, 420 P.2d 940, 942 (1966); State v. Lamphere, 233 Or. 330, 378 P.2d 706 (1963); State v. Mudge, 69 Wash.2d 861, 420 P.2d 863 (1966).

5. *See* Phillips, The Motion for Acquittal, a Neglected Safeguard, 70 Yale L.J. 1151 (1961) and Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963).

finding of guilt is supported by substantial evidence, that is, such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellants' guilt.

 In support of Martin's conviction the court found as follows:

Mr. Martin's testimony stated that he was informed by Defendant Genis that there was someone who failed to produce identification or who was a minor at this table eight to ten minutes before the officers arrived. This is sufficient, the court feels, for conviction upon Count One in the charge against Jack Martin. Mr. Martin testified that he couldn't leave the bar because it would close down, not a cent would be earned while he wasn't behind it. When the officer questioned him about serving drinks, he left the bar quickly enough.

Martin had testified that he was the only bartender on duty the night that the minors came to The Flame Lounge. He admitted that he knew the minors were there "no more than ten minutes" before the police arrived. He was specifically informed by the waitress (Genis) that there were minors on the premises, and he told the waitress to get them out. Martin stated he kept his eye on them after that, and the waitress went about her business. When the police arrived he again told the waitress to get the minors off the premises. He did not personally attempt to get the minors to leave; nor did he notice if the waitress tried to get them to leave after he instructed her to get them out. Mr. Nicholas (one of the minors) testified he and his minor companion had been served three or four drinks at The Flame. Nicholas stated that as soon as the police arrived, the waitress for the first time asked him for some identification. Mr. Tallon, the other minor, testified he had three or four drinks at The Flame, and that no one asked for his identification except the police when they arrived. Martin's testimony was confused and evasive. Strong weight should be given to the determination of the trial court judge who was able to judge Mr. Martin's demeanor. In conclusion according to the standards set forth above, there appears to be substantial evidence to support the conviction of Martin.

 As stated above the minors testified that they each had three or four drinks at The Flame and that they were not asked for identification until after the police arrived. Genis admitted the minors were at The Flame and that she was the only waitress that night, but denied serving the minors drinks. She admitted knowing that they were minors prior to the time the police arrived, but she indicated that she was in the process of trying to get them to leave. Genis, too, was confused and evasive in her answers, and thus great weight should be accorded the trial court's determinations. We find there is substantial evidence supporting both counts of Genis' conviction.

 Appellant Genis upon appeal to this court questions the legality of her conviction on two counts which she claims arose out of the same act. Although there may be some question as to the timeliness of this issue, we can quickly dispose of the issue on its merits. In Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed. 2d 1405 (1958) the Supreme Court upheld three convictions which arose out of a single act. The three separate offenses which were created by the one act were selling forbidden drugs not in the original stamped package, selling such drugs without a written order from the buyer, and facilitating the concealment and sale of drugs knowing the same to have been unlawfully imported. The court stated

The fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several different regulatory controls single and identic.

Id. at 389, 78 S.Ct. at 1283, 2 L.Ed.2d at 1408. In Gore a single act by the defendant broke several different laws and properly resulted in sentences for each law which

was broken. Whether the defendant committed one act or two is a semantic problem that should not be determinative. What is crucial is that the laws which are broken are not coextensive. If each requires proof of some fact which the other does not, then there is no duplication.

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, 309 (1932).

With regard to the ordinance in question, it punishes one who, knowingly or without obtaining an affidavit, serves minors or allows minors to remain on licensed premises. Serving minors intoxicating liquor and allowing minors to remain on the premises are not coextensive prohibitions. Each provision could be violated without violating the other. In this particular case appellant Genis by serving the minors three or four drinks on the premises violated both provisions and was accordingly sentenced for each violation.

The judgments below are affirmed.