**Glen E. SHAFER, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 1034.**

Supreme Court of Alaska.

June 23, 1969.

Warren A. Taylor, Fairbanks, for appellant.

Robert H. Wagstaff, Asst. Dist. Atty., Fairbanks, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND, RABINOWITZ, BONEY and CONNOR, JJ.

DIMOND, Justice.

In the district court a jury found appellant guilty of driving while under the influence of intoxicating liquor. The conviction was affirmed by the superior court. An appeal has been taken to this court where appellant contends that the state failed to prove his guilt beyond a reasonable doubt.

Appellant did not move for a judgment of acquittal, either at the close of the state's case or at the close of all the evidence, as he was permitted to do under Criminal Rule 29.[1] Under our decision in Rank v. State,[2] this would result in a waiver of appellant's right to question the sufficiency of the evidence to support the verdict, which appellant is attempting to do here. Such a rule is in accord with the well settled doctrine in the federal courts in applying Rule 29, Federal Rules of Criminal Procedure, from which our Criminal Rule 29 was adopted.[3]

But we also said in *Rank* that even in the absence of a motion for a judgment of acquittal, we would consider the question of the sufficiency of the evidence in order "to prevent a manifest miscarriage of justice."[4] There would be such a miscarriage of justice if the evidence were not sufficient to support a guilty verdict, because "it is the imperative duty of a court to see that all the elements of his [the defendant's] crime are proved, or at least that testimony is offered which justifies a jury in finding those elements."[5] What this means, then, is that in every case, whether or not a motion for a judgment of acquittal has been made, we are obliged to review the question of the sufficiency of the evidence to support the verdict in order to determine whether plain error has

---

1. Crim.R. 29 provides:

    (a) *Motions for Judgment of Acquittal.* Motions for directed verdict shall not be used and motions for judgment of acquittal shall be used in their place. The court, on motion of a defendant or of its own motion, shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the state's case is not granted, the defendant may offer evidence without having reserved the right.

    (b) *Reservation of Decision on Motion—Renewal of Motion.* If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury re-

    turns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the motion is denied and the case is submitted to the jury, the motion may be renewed within 5 days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned the court may on such motion set aside the verdict and order a new trial or enter judgment of acquittal. If no verdict is returned the court may order a new trial or enter judgment of acquittal.

2. 373 P.2d 734, 737 (Alaska 1962).

3. 2 Wright, Federal Practice and Procedure § 469, at 265 (1969).

4. Rank v. State, 373 P.2d 734, 737 (Alaska 1962).

5. Clyatt v. United States, 197 U.S. 207, 222, 25 S.Ct. 429, 433, 49 L.Ed. 726, 732 (1905).

been committed in a matter so vital to a defendant in a criminal case.[6]

This conclusion is not inconsistent with a fair reading of Criminal Rule 29.. That rule does not in so many words require a motion for a judgment of acquittal as a prerequisite to reviewing the sufficiency of the evidence on appeal. Moreover, we have held that in a judge-tried case a defendant can test the sufficiency of the evidence on appeal without having moved for a judgment of acquittal.[7] The reason given is that when a defendant enters a not-guilty plea he is requesting acquittal at the court's hands, and therefore a motion to the same end is unnecessary.[8] We see no reason why the same theory should not be applicable in a jury-tried case, because there a not-guilty plea equally asks for judgment of acquittal.

▐ In addition, under Criminal Rule 29(a), if the evidence is insufficient to sustain a conviction, the court is required to enter a judgment of acquittal, not merely on the motion of the defendant, but on "its own motion." And this requirement is not restricted to a judge-tried case,[9] but is applicable to a jury trial as well. In either case the court will have failed to comply with Criminal Rule 29(a) if it does not enter a judgment of acquittal when the evidence is insufficient to sustain a conviction, even in the absence of a motion. This would amount to plain error affecting the defendant's substantial rights which could not be disregarded and which would be reviewable on appeal.[10] This

analysis of Criminal Rule 29, suggested by Professor Wright in his work on federal practice and procedure,[11] means that appellant here did not waive his right to question the sufficiency of the evidence by failing to move for a judgment of acquittal. To the extent that Rank v. State[12] holds otherwise, it is disapproved.

While driving his automobile, appellant collided with the truck driven by Gary Lundgren in the city of Fairbanks. Lundgren called the Alaska State Troopers who arrived at the scene of the accident and arrested appellant for driving while under the influence of intoxicating liquor. Appellant claims that testimony that his eyes were red and his speech slurred was insufficient to justify a conviction because he showed that the reddish condition of his eyes was normal because of broken blood vessels, and that his speech was slurred due to false dentures. Appellant testified that he had had only a part of a pitcher of beer preceding the accident, and his son, Michael, testified that appellant was sober and his speech coherent and that he had no odor of alcohol about him.

There was evidence of intoxication other than that relating to appellant's bloodshot eyes and slurred speech. Lundgren testified that the smell of alcohol on appellant was very strong, and that he had difficulty in walking. Lundgren said he thought appellant was drunk.

State Trooper Solberg, one of the arresting officers, testified that appellant's balance was unsteady and faltering, and

6. *Id.* *See* Crim.R. 47(a) which provides: Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

7. Martin v. City of Fairbanks, Opinion No. 562, 456 P.2d 462 (Alaska 1969); Beck v. State, 408 P.2d 996, 998 (Alaska 1965).

8. Hall v. United States, 286 F.2d 676, 677 (5th Cir. 1960), cert. denied, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961); De Luna v. United States, 228 F.2d 114, 116 (5th Cir. 1955).

9. In Martin v. City of Fairbanks, Opinion No. 562, 456 P.2d 462, 464 (Alaska

1969), a judge-tried criminal case, we said:
At the close of the case-in-chief, if the prosecution has failed to establish the defendant's guilt, the trial judge should, *sua sponte*, order a judgment of acquittal.

10. Crim.R. 47(b) provides:
Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

11. 2 Wright, Federal Practice and Procedure § 469, at 265–266 (1969).

12. 373 P.2d 734, 737 (Alaska 1962).

tht he smelled quite strongly of alcohol. Solberg believed that appellant was drunk.

Trooper Lee, the other arresting officer, testified that appellant's face was flushed, that he smelled very strongly of alcohol, that he had difficulty in maintaining his balance and that he was incoherent. It was Lee's opinion that appellant was drunk.

■ In determining whether the evidence is sufficient to support a jury finding that appellant's guilt was proved beyond a reasonable doubt, the evidence and inferences to be drawn therefrom are to be viewed in a light most favorable to the state. As we stated in Beck v. State [13]—

> The question, then, is whether the finding of guilt is supported by substantial evidence, that is, such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellant's guilt.

■ We believe there was substantial evidence to support the jury's verdict that appellant was guilty of the offense with which he was charged. The jury heard the testimony of the witnesses and had the opportunity to observe their demeanor. It is the jury's function, and not ours, to determine the credibility of the witnesses. If the testimony of Lundgren and of Troopers Solberg and Lee were accepted by the jury as true, one could reasonably conclude there was no reasonable doubt that appellant had been driving while under the influence of intoxicating liquor.[14]

The collision between appellant's automobile and Lundgren's truck took place when appellant was making a turn off the Steese Highway on to Trainor Gate Road.

Appellant attempted to show that the accident was not his fault because the shoulder of Trainor Gate Road was in such a bad and ragged condition that he was obliged to make a wider turn than would normally have been necessary, thus causing his car to come almost to the center line of the road where an accident could take place if another car, such as Lundgren's, had its bumper over the center line. In order to substantiate his claim, appellant offered in evidence photographs of the southeast corner of the intersection where the accident took place. Since the photographs depicted only a part and not the whole of the scene of the accident, the court granted the state's request to have the jury view the scene in accordance with Criminal Rule 27(b).[15] The court told the jury that the purpose of allowing them to view the scene of the accident was to see for themselves the pavement width of Trainor Gate Road and to observe the edge of the pavement and compare it with the pavement edge as it appeared in the pictures.

■ Appellant contends that it was error to allow the jury to view the accident scene because they could not get an accurate impression of the intersection as it existed at the time of the collision. The basis for this contention is that at the time of the accident in May 1967 the intersection was free of ice and snow, whereas at the time of the trial in January 1968, the presence of ice and snow prevented the jury from seeing the ragged, broken edge of the intersection pavement.

If the jury could not see the edge of the pavement and compare it with what was described by appellant and was shown in the pictures, all this would mean is that the state was unable to show that the scene

---

13. 408 P.2d 996, 997 (Alaska 1965).

14. Beck v. State, 408 P.2d 996, 997–998 (Alaska 1965).

15. Crim.R. 27(b) provides:
When the court deems proper, it may order a proper officer to conduct the jury in a body to view the property which is the subject of the litigation or the place where a material fact occurred and to show such property or place to them. While the jury is making its inspection no one shall speak to it on any subject connected with the trial. The court may order the person applying for a jury view to pay the expenses connected therewith.
Battese v. State, 425 P.2d 606, 609 (Alaska 1967).

of the accident was in some way different from that described by appellant and as disclosed by the pictures introduced in evidence. This could not possibly result in any prejudice to appellant. There was no error in allowing the jury to see the scene of the accident.

The order of the superior court affirming the judgment of the district court is affirmed.