**Jerry Wayne DEAL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6812.**

Court of Appeals of Alaska.

Jan. 28, 1983.

W. Grant Callow, Asst. Public Defender and Dana Fabe, Public Defender, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

PER CURIAM.

Jerry Wayne Deal was convicted of criminal mischief in the second degree, AS 11.-46.482(a)(1). He appeals, contending that

---

the trial court improperly denied a motion for judgment of acquittal, based on insufficiency of the evidence, which he made at the conclusion of the prosecution's case-in-chief at trial. We affirm.

In advancing his claim, Deal relies on the proposition that, to decide the sufficiency of evidence at trial, we must restrict our consideration to evidence presented in the state's case-in-chief. Deal impliedly concedes that sufficient evidence may be found to support his conviction if the totality of the testimony presented at trial is considered.

 In *Martin v. City of Fairbanks,* 456 P.2d 462, 464–65 (Alaska 1969), the Alaska Supreme Court expressly rejected the view espoused by Deal in this appeal. The court held that the sufficiency of evidence must be determined by considering all evidence presented at trial, not just the evidence produced in the prosecution's case-in-chief. The standard adopted in *Martin* has never been rejected by the supreme court, and we have consistently applied it. *See, e.g., Goulden v. State,* 656 P.2d 1218, 201 at 1220 (Alaska App.1983); *Davis v. State,* 635 P.2d 481, 483 (Alaska App.1982). A number of recent decisions from other jurisdictions have been cited by Deal to support his view,[1] but these cases rely to a great extent on the same arguments considered and rejected in *Martin,* 456 P.2d at 464.[2]

The policies supporting Deal's argument in this case are not insubstantial, and the recent trend in the case law might well indicate that the time for reevaluation of the *Martin* standard is approaching. However, any decision to undertake such a reevaluation is within the exclusive province of the supreme court. Unless and until the supreme court adopts a different standard, this court is bound by the holding in *Martin.*

 Having reviewed the totality of the evidence presented at trial, we conclude that sufficient evidence was presented to allow reasonable jurors to differ on the question of whether Deal's guilt was established beyond a reasonable doubt. Accordingly, we find no error.

AFFIRMED.

---

1. *See, e.g., United States v. Rhodes,* 631 F.2d 43, 44–45 (5th Cir.1980); *United States v. Watkins,* 519 F.2d 294, 297 (D.C.Cir.1975). *See also State v. Smith,* 332 So.2d 773, 775–76 (La.1976); *Marshall v. State,* 646 P.2d 795, 800 (Wyo.1982) (Thomas, J., concurring).

2. In *Martin,* the supreme court expressly considered *Cephus v. United States,* 324 F.2d 893 (D.C.Cir.1963), and Comment, *The Motion for Acquittal: A Neglected Safeguard,* 70 Yale L.J. 1151 (1961), both of which strongly criticize the rule requiring that sufficiency of evidence be determined based upon the totality of evidence at trial. The *Martin* court concluded, however, that "an adequate attack on the rule has not been demonstrated." 456 P.2d at 464.