Joseph **CONTRERAS**, Appellant,

v.

**STATE of Alaska**, Appellee.

**Nos. 6797, 6798 and 6799.**

Court of Appeals of Alaska.

Jan. 13, 1984.

---

Richard S. Zahniser, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mary Anne Henry, Dist. Atty., Ketchikan, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J. and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Joseph Contreras appeals as excessive a total sentence of twenty-seven years' incarceration, which he received upon conviction of nine felony and two misdemeanor counts arising out of three separate incidents. He also contends that the evidence was insufficient to support conviction on one of the felony counts for which he was convicted. We affirm.

The first incident for which Contreras was charged involved nine separate offenses commited when Contreras burglarized the home of P.L. Armed with a pistol, Contreras robbed P.L. and assaulted her, both sexually and physically. Contreras also physically assaulted P.L.'s male companion, B.J.[1] At trial, Contreras made a timely motion for judgment of acquittal on Count VI of his indictment. Superior Court Judge Douglas J. Serdahely denied the motion. Contreras was convicted on all counts.[2]

---

1. As a result of this incident, the nine-count indictment alleging the following offenses was brought against Contreras: Count I: burglary in the first degree (AS 11.46.300(a)(1)); Count II: assault in the third degree (AS 11.41.220(a)); Count III: assault in the third degree (AS 11.41.-220(a)); Count IV: robbery in the first degree (AS 11.41.500(a)(1)); Count V: sexual assault in the second degree (AS 11.41.420(a)); Count VI: sexual assault in the second degree (AS 11.41.-420(a)); Count VII: sexual assault in the first degree (AS 11.41.410(a)(1)); Count VIII: assault in the first degree (AS 11.41.200(a)(3)); and Count IX: assault in the fourth degree (AS 11.-41.230(a)(1)).

2. On Count III, which charged assault in the third degree, Contreras was convicted of the lesser-included offense of assault in the second degree, a misdemeanor.

Because Contreras had previously been convicted of three felonies, he was subject to presumptive sentencing. Judge Serdahely found a number of aggravating factors applicable to Contreras but decided that upward adjustment of the statutorily-prescribed presumptive terms was inappropriate. Accordingly, the judge imposed presumptive terms. Since the offenses arose from a single incident, Judge Serdahely imposed the sentences on all nine counts concurrently. Contreras's aggregate sentence for the nine counts was thus equivalent to the longest sentence he received on a single count, a term of fifteen years' imprisonment.[3]

Each of the other two incidents for which Contreras was convicted involved a single count of escape in the second degree. AS 11.56.310. Contreras received a presumptive six-year term in each case. Each escape sentence was made consecutive to the other, and both sentences were made consecutive to the aggregate sentence imposed for the original nine-count indictment. Thus, the total sentence for all three incidents was twenty-seven years' imprisonment.

Contreras first asserts that Judge Serdahely erred in refusing to grant a judgment of acquittal as to Count VI of the original indictment, a charge of sexual assault in the second degree. He argues that insufficient evidence was presented to establish that sexual contact actually occurred.[4] This claim is without merit. In ruling on the sufficiency of evidence to support a criminal conviction, this court, like the trial court, must determine whether the totality of the evidence and the inferences that may fairly be drawn therefrom, when considered in the light most favorable to the prosecution, would permit reasonable persons to differ on the question of whether guilt has been established beyond a reasonable doubt. *Deal v. State*, 657 P.2d 404 (Alaska App.1983). Contreras argues that P.L.'s testimony was vague because she testified only that Contreras hit her in the "vaginal area." Since the statutory definition of sexual contact is narrow,[5] Contreras maintains that there was inadequate evidence to establish that sexual contact occurred.

While P.L. did in fact state that she was hit in the "vaginal area," she also described the specific manner in which Contreras committed this assault: while P.L. stood naked, Contreras placed a pistol between her legs and pulled it upwards until it hit her. P.L. indicated that Contreras hit her twice in this manner, and that on each occasion, when she was struck, she felt a sharp pain and was scratched. Moreover, the jury was presented with considerable other evidence indicating that Contreras's assaultive behavior toward P.L. throughout the course of this incident was sexually motivated. Considering the record in its entirety, we believe ample evidence was presented to allow reasonable persons to conclude that actual sexual contact oc-

---

**3.** Contreras received the following sentences for each of the nine counts: Count I, burglary in the first degree: six years; Count II, assault in the third degree: three years; Count III, assault in the fourth degree: one year; Count IV, robbery in the first degree: fifteen years; Count V, sexual assault in the second degree: six years; Count VI, sexual assault in the second degree: six years; Count VII, sexual assault in the first degree: fifteen years; Count VIII, assault in the first degree: fifteen years; and Count IX, assault in the fourth degree: one year. The fourth-degree assault sentences received by Contreras on Counts III and IX were for misdemeanors and constitute maximum sentences. All of the felony sentences are presumptive sentences. AS 12.55.125 and AS 12.55.155.

**4.** AS 11.41.420 provides, in relevant part:

*Sexual assault in the second degree.* (a) A person commits the crime of sexual assault in the second degree if he coerces another person to engage in sexual contact by the express or implied threat of imminent death, imminent physical injury, or imminent kidnapping to be inflicted on anyone or by causing physical injury to any person, regardless of whether the victim resists.

"Sexual contact" is defined in AS 11.81.-900(b)(51), which provides, in relevant part:

(51) "Sexual contact" means

(A) The intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breasts;

**5.** *See supra* note 4.

curred as charged in Count VI of the indictment, despite P.L.'s somewhat imprecise description of the contact as involving the "vaginal area."

■ Contreras next challenges the consecutive imposition of his two escape sentences. He acknowledges that Judge Serdahely specifically found the consecutive sentences to be necessary for the protection of the public. *See Mutschler v. State,* 560 P.2d 377 (Alaska 1977); *Lacquement v. State,* 644 P.2d 856 (Alaska App.1982). He further admits that the judge properly noted that consecutive sentences are particularly appropriate in cases of escape. *See Neal v. State,* 628 P.2d 19, 20–21 (Alaska 1981); *Walton v. State,* 568 P.2d 981, 986 (Alaska 1977). Nevertheless, Contreras maintains that partially consecutive sentences for the escape charges would have sufficed and that no specific reason was given for the need to protect the public from him for a full twenty-seven year period. We find this claim to be frivolous.

Contreras had previously been convicted of three felonies. The nine counts of the initial incident in this case reflect criminal behavior that is particularly egregious in its gratuitous viciousness and brutality. The two subsequent episodes of escape emphasize the recalcitrant nature of Contreras's tendency toward antisocial conduct. Although the initial incident involved nine separate offenses with two separate victims, and although aggravating factors applied to these charges, Judge Serdahely exercised restraint by imposing concurrent presumptive sentences on all nine counts, without any upward adjustment. Furthermore, Judge Serdahely correctly emphasized the appropriateness of consecutive sentencing for the two escape charges. Considering the entire sentencing record, we cannot say that the total sentence of twenty-seven years' imprisonment given to Contreras by Judge Serdahely is clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.