STATE OF NORTH CAROLINA v. DAVID McNEIL TURNER

No. 7219SC72

(Filed 23 February 1972)

1. **Automobiles § 139; Appeal and Error § 48— speed competition — communication between occupants of the two vehicles**

    In a prosecution for wilfully engaging in speed competition on a public highway, defendant was not prejudiced by the solicitor's question, "They were communicating in some manner with one another?" and the witness' answer, "Yes sir," where the witness had previously testified without objection that "there was some hollering between the occupants of the vehicle going on while they were sitting at the red light."

2. **Automobiles § 139— speed competition on highway — failure to define "wilfully" and "speed competition"**

    In a prosecution for wilfully engaging in speed competition on a public highway, the trial court did not err in failing to define for the jury the word "wilfully" and the phrase "speed competition."

3. **Criminal Law § 138— trial de novo in superior court — increased sentence**

    Upon trial *de novo* the superior court may impose a sentence in excess of that imposed in the court from which the appeal was taken.

4. **Automobiles § 139— race competition on public highway — warrant — use of word "race"**

    Uniform Traffic Ticket charging that defendant "did unlawfully and willfully operate the above-described motor vehicle on a street or highway: (x) Did unlawfully & willfully race on a N. C. Public Highway," *held* sufficient to charge a violation of G.S. 20-141.3(b), since the word "race," when used in conjunction with the operation of a motor vehicle on the highway, describes "speed competition with another motor vehicle."

APPEAL by defendant from *Thornburg, Judge,* 9 August 1971 Session of Superior Court held in CABARRUS County.

Defendant was tried and convicted under G.S. 20-141.3(b) which provides in pertinent part: "It shall be unlawful for any person to operate a motor vehicle on a street or highway wilfully in speed competition with another motor vehicle." The offense is alleged to have been committed on 29 January 1970. Defendant was tried and convicted in the Recorder's Court, Concord, North Carolina, on 23 April 1970, and was sentenced to confinement for a period of twelve months. It was provided that this sentence would be suspended on certain conditions, but defendant appealed to the Superior Court.

State v. Turner

In the Superior Court, defendant was tried *de novo* upon the original charge as contained in the "North Carolina Uniform Traffic Ticket" issued at the time of the alleged offense. The jury returned a verdict of guilty and defendant was sentenced to confinement for a period of nine months. He now has appealed to this court.

The State's evidence tended to show the following. At approximately one o'clock in the morning of 29 January 1970, Highway Patrolman McAbee was seated in his patrol car observing the intersection of Highway 29 and Davidson Drive. He was parked in the parking lot of a business establishment at the intersection. Defendant was driving a Chevrolet Corvette in a southerly direction on Highway 29. A Pontiac Firebird, operated by David Edwin Perry, was also traveling in a southerly direction on Highway 29. Both vehicles slowed and stopped, side by side, at the intersection in obedience to an electrically operated traffic control signal. Patrolman McAbee could not understand what they were saying, "but they were hollering back and forth at one another." When the traffic control light turned green, both vehicles accelerated hard. "They took off real fast side by side." Patrolman McAbee immediately began pursuing them. The two automobiles remained side by side for approximately a tenth of a mile, and then the Corvette began pulling away from the Firebird. The highest speed the two vehicles attained was ninety miles per hour. Patrolman McAbee was able to apprehend the defendant as he slowed to turn into the parking lot of a restaurant about a mile south of the intersection where he was first observed. The defendant offered no evidence.

*Attorney General Morgan, by Associate Attorney Lloyd, for the State.*

*Davis, Koontz & Horton, by Clarence E. Horton, Jr., for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge allowed the following question and answer by the State's witness, Patrolman McAbee:

"Q. They were communicating in some manner with one another?

A. Yes sir."

It seems that the State's case would have been equally as strong had the question not been asked; however, we fail to see how the question and answer could be prejudicial to defendant. Immediately preceding the question and answer, the witness testified:

"The Corvette and the Pontiac were sitting side by side at the light, and there was some hollering between the occupants of the vehicles going on while they were sitting at the red light. I could not understand or make out what they were saying, but they were hollering back and forth at one another."

This assignment of error was overruled.

[2] Defendant next assigns as error that the trial judge failed to define for the jury the word "willfully" and the phrase "speed competition." The word "willfully" is generally understood and has no special definition when applied to the law; it requires no definition by the judge. The phrase "speed competition," as used in the statute under which defendant was tried [G.S. 20-141.3(b)], is perfectly clear and requires no further definition. This assignment of error is overruled.

[3] Defendant assigns as error that the trial judge in the Superior Court "provided for a sharply increased sentence over that imposed in Cabarrus County Recorder's Court." Upon trial *de novo* the Superior Court may impose sentence in excess of that imposed in the court from which the appeal to Superior Court was taken. *State v. Speights*, 280 N.C. 137, 185 S.E. 2d 152. This assignment of error is overruled.

[4] Defendant assigns as error that the trial judge denied his motion to arrest judgment. Defendant moved to arrest judgment contending that the allegation upon which he was tried did not state an offense. The portion of the "North Carolina Uniform Traffic Ticket" of which defendant complains reads as follows:

"The affiant being duly sworn, says that the above-named defendant, on or about the above-stated violation date in the above-named county, did unlawfully and willfully operate the above-described motor vehicle on a street or highway: (x) Did unlawfully & willfully race on a N.C. Public Highway GS 20-141.3(B)"

Defendant argues that the word "race" is not the equivalent of "speed competition with another motor vehicle" as condemned by the statute. It is advisable to charge in the words of the statute whenever possible; and where the blank space is limited on the uniform traffic ticket, a separate and more specific warrant should be issued. Nevertheless, we hold that defendant was adequately advised of the specific charge against him and the allegations are sufficient to support a later plea of former jeopardy. Inherent in the word "race" is speed competition of some type, and when used in conjunction with the operation of a motor vehicle on the highway, it leaves no doubt that the word describes "speed competition with another motor vehicle." This assignment of error is overruled.

No error.

Judges BRITT and VAUGHN concur.