Gerald F. WACEK, Appellant,

v.

STATE of Alaska, Appellee.

No. 2166.

Supreme Court of Alaska.

Jan. 17, 1975.

Herbert D. Soll, Public Defender, Phillip P. Weidner, Asst. Public Defender, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER and FITZGERALD, JJ.

OPINION

PER CURIAM.

On September 8, 1973, a moose was fatally shot in Denali State Park near Mile 162 on the Anchorage-Fairbanks Highway. The moose shooting was done by Gerald F. Wacek, who is the appellant here. There had formerly been a sign posted at Mile 152 indicating Denali State Park, but the sign had been down for at least two months before the shooting of the moose. However, there was a posted sign at Mile 152 which read, "No shooting in Park."

As Wacek was butchering the moose, a passer-by informed him that the area was closed to hunting. Wacek promptly sought out an Alaska state trooper and told the trooper of the mistaken shooting. The trooper issued a citation to Wacek charging him with discharging a firearm in a public park in violation of AS 11.55.050(a) and 11 AAC 12.190; but the trooper informed Wacek that he was entitled to keep the moose since the park was not a closed area but was open to bow and arrow hunting. He suggested, however, that Wacek not dispose of the moose until after his appearance in court on the citation.

A few days later Wacek appeared before the magistrate at Palmer, entered a plea of not guilty, and agreed to trial before the magistrate. He was found guilty of discharging a firearm in the park and was

fined $50. Execution of the sentence was suspended and the moose was confiscated by the magistrate for the benefit of a charitable institution. Wacek then sought the aid of the public defender and an appeal was filed in superior court.

Numerous errors were alleged in superior court regarding procedural due process, constitutionality of AS 11.55.050 as applied, and legality of the procedures under which 11 AAC 12.190 was promulgated.[1] These claims were supplemented by a memorandum alleging that AS 11.55.050 is unconstitutionally vague and overbroad. The superior court ordered Wacek to butcher the moose and deliver its meat to the Department of Fish and Game for storage pending appeal. As far as we can ascertain from the record, the moose meat remains in cold storage.

Since the only record made of the magistrate's proceedings consisted of the magistrate's notes at trial, Wacek and the state entered into a stipulation of facts which was filed in superior court. In addition to the facts which have been stated, it was agreed that Denali State Park is not indicated on any road map, Fish and Game map, or in any information supplied to hunters when licenses are issued; that the appellant was tried and convicted for a violation of a public safety statute, not a Fish and Game statute; that Denali State Park was open to bow and arrow hunting; that all acts of the appellant other than discharging the rifle were legal; that the only statute specifically authorizing the confiscation of game is AS 16.05.190 which permits confiscation when Alaska game laws are violated; and that AS 12.55.080 provides for probation under the terms and conditions prescribed by the court which might include restitution.

The superior court affirmed the magistrate court both as to conviction and as to confiscation of the moose, and the case now comes to this court.

Wacek alleges on this appeal that his conviction was in violation of due process of law in that he was not notified of the statute under which he was charged; that the conviction was in violation of due process of law because there was no reasonable notice that the shooting site was in a state park; that AS 11.55.050 is unconstitutionally vague and overbroad; that game can be confiscated only when taken in violation of a Fish and Game regulation, not when taken in violation of a public safety statute; and that the confiscation in this case was an unconstitutional taking in violation of Art. I, Sec. 7, of the Alaska constitution.

---

1. The specifications of error were as follows:

    1. At trial appellant was not represented by counsel and did not fully understand the nature of the charges against him or his right to court-appointed counsel.

    2. The complaint and summons issued to appellant was defective as a matter of law in that it did not specify the statute or regulation under which appellant was charged.

    3. The complaint issued to appellant was a denial of due process of law in that it did not adequately notify the appellant of the nature of the charge against him.

    4. The conviction in the factual circumstances of the case deprived the appellant of due process of law in that there was no reasonable notice to appellant that the site of the alleged offense was a state park.

    5. The conviction in the factual circumstances of the case deprived the appellant of due process of law in that there was no compliance by the Department of Fish and Game or Department of Parks in posting the site of the alleged offense as a state park as required by statute, regulations, or the Administrative Procedure Act.

    6. The order to confiscate the moose was illegal in that the Alaska statute on confiscation of game, AS 16.05.190, applies only to violations of the Fish and Game laws and appellant was charged with a violation of a general public safety statute. Thus the confiscation order deprived the appellant of due process of law.

    7. If in the alternative the State contends that the conviction and confiscation was pursuant to a violation of a regulation of the Department of Fish and Game, said regulation was not promulgated in accordance with the Administrative Procedure Act or the applicable statutes and regulations and thus the confiscation and conviction deprived the appellant of due process of law.

We question whether this is an appropriate case in which to consider issues of such significance. However, we find it necessary to reverse appellant's conviction because he was denied due process of law in that inadequate notice was given of the boundaries of the park in which discharging of a firearm was prohibited.

In Nichols v. Eckert, 504 P.2d 1359 (Alaska 1973), we recognized that in determining the amount of procedural protection the due process clause affords, we must weigh the relative interests of the individual and the state. Here we have no difficulty in balancing these interests. The burden placed upon the defendant in this case to locate the boundaries of a park which has no signs marking its boundaries, which is shown on no published map, and the existence of which is mentioned in no

Fish and Game regulation issued to hunters is unreasonable given the relative ease with which some corrective measure might be taken.[2]

The state does not dispute the proposition that game can only be confiscated when taken by an illegal act. Since under the facts of this case Mr. Wacek could not be convicted of the illegal acts with which he was charged, we must vacate the order of the magistrate confiscating the moose. If the state has any other claim to the carcass, it must make that claim in a separate proceeding.

The case is remanded to district court with directions to vacate the judgment of conviction, including the order confiscating the moose and awarding it to charity.

ERWIN, J., not participating.

2. We do *not* hold, as suggested by the state in its brief, that it will now be necessary "to post signs at every 10 feet along the boundaries of its state parks." We only hold that the application of AS 11.55.050 to appellant, given *all* the facts stipulated, placed an unreasonable burden upon him to locate the boundaries of the park.

*Cf.* Booth Fisheries Co. v. United States, 6 F.2d 500 (9th Cir. 1925) ; Rustad v. United States, 258 F.2d 563, 17 Alaska 679 (9th Cir. 1958), cert. denied 358 U.S. 898, 79 S.Ct. 222, 3 L.Ed.2d 149 (1958).