Mark JERNIGAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 3622.

Supreme Court of Alaska.

Aug. 25, 1978.

E. John Athens, Jr., Johnson, Christenson & Glass, Inc., Fairbanks, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, J., Pro Tem.

DIMOND, Justice Pro Tem.

At the conclusion of a trial by the district court, without a jury, Mark Jernigan was found guilty of the offense of violating Administrative Regulation 13 AAC 02.-330(a).[1] This regulation is entitled "Racing Vehicle on Highway" and provides in relevant part:

---

1. Jernigan appealed to the superior court, which remanded the case to the district court for written findings of fact and conclusions of law. The district court prepared findings and concluded that the state had proved beyond a reasonable doubt that defendant was guilty. The superior court affirmed, and Jernigan appealed to this court.

(a) A person may not race a motor vehicle except as provided in this section. Persons comparing or contesting relative speeds of vehicles by simultaneous operations, whether or not the speed exceeds the maximum prescribed by law, violate this section. . . .

Jernigan contends that the regulation is unconstitutionally vague, and therefore, is void under the requirements of due process.

In *Larson v. State*, 564 P.2d 365, 371–72 (Alaska 1977), we set forth the pertinent considerations in determining whether a statute (in this case, an administrative regulation) is void for vagueness. We said:

In *Stock v. State*, 526 P.2d 3 (Alaska 1974), we set forth the relevant considerations in determining whether a statute is void for vagueness. The first is whether it is so broad that it may restrict the exercise of first amendment rights. The criminal acts with which Larson was charged do not involve the exercise of these rights, so this consideration is not pertinent. *Cf. State v. Martin*, 532 P.2d 316 (Alaska 1975) (disorderly conduct statute).

The second consideration is whether the statute gives adequate notice of the conduct that is prohibited. The third consideration is whether the statute is drawn so imprecisely that it creates a danger of arbitrary enforcement. *Stock v. State, supra* at 8; *State v. Martin, supra* at 324 (concurring opinion); *see, e. g., Thornhill v. Alabama*, 310 U.S. 88, 97–98, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). (footnotes omitted)

■ First amendment rights are not involved in this case, so that aspect of the void-for-vagueness doctrine will not be considered. Jernigan states in his brief that he is not attacking the regulation on the ground that it creates a danger of arbitrary enforcement. Thus, that part of the doctrine also will not be considered. The only point Jernigan argues is that the regulation is void for vagueness because it fails to give

adequate or fair notice of the conduct that is prohibited. As to the requirement of notice, we stated in *Larson*:

The notice requirement embodies notions of fundamental fairness. Long ago, the United States Supreme Court said that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). [Other citations omitted][2]

We do not believe that the regulation forbids the doing of an act, "in terms so vague that men [persons] of common intelligence must necessarily guess at its meaning and differ as to its application," or that Jernigan or anyone else with common sense could not reasonably be expected to understand whether his conduct was proscribed.[3] A race involves a speed contest or competition between or among two or more persons. If they are driving motor vehicles, and the object of the contest is to see which vehicle reaches a certain point before the others, it is obvious that the persons involved are "comparing or contesting relative speeds of vehicles by simultaneous operations."

The words used in the regulation by themselves, and also in conjunction with each other, have commonly understood meanings. One does not have to guess as to whether he is engaged in a race with someone else while driving his car. He either has the requisite intent to race, or he does not. If his purpose and the manner he drives with regard to the other driver are to engage in competition in respect to speed or distance to prove superiority in some respect, then he will have no difficulty in knowing from the terms of the administrative regulation that he can be found guilty of a violation of it. He is given fair warn-

2. *Larson v. State*, 564 P.2d 365, 372 n. 14 (Alaska 1977).

3. *Speidel v. State*, 460 P.2d 77, 82 (Alaska 1969).

ing of the kind of act proscribed.[4] The administrative regulation in issue here is not void for vagueness.[5]

■ Jernigan also contends that the evidence was insufficient to support a finding that his guilt of the offense of racing was proved beyond a reasonable doubt. Jernigan testified that he was not racing. The testimony of the passenger in Jernigan's car, Daniel Willis, was to the same effect.

On the other hand, police officer Kott, who stopped Jernigan's car (a Toyota Corona) and the other car (a Ford), and issued citations to both drivers for racing, testified in substance as follows:

(1) Jernigan and the other car were simultaneously speeding;

(2) Jernigan admitted to Officer Kott that he was trying to catch the other vehicle;

(3) Both vehicles were accelerating; and

(4) Jernigan's vehicle was only a short distance behind the other car when they passed Officer Kott.

In addition, there was testimony to the effect that Jernigan's car remained stopped at the intersection of Illinois and Missouri Streets for about one minute after the other vehicle has passed him, traveling in excess of 20 miles per hour; yet Jernigan's vehicle had closed to within 50 to 75 yards of the other vehicle by the time they were stopped by Officer Kott, less than a mile from that intersection. Also, Jernigan had seen the other vehicle (the Ford) before and recognized the driver as someone he had seen at school.

The standard of review for determining whether the evidence is sufficient to support a finding of guilt in a criminal case is set forth in *Beck v. State*, 408 P.2d 996, 997 (Alaska 1965):

Appellant challenges the sufficiency of the evidence to support a finding that his guilt was proved beyond a reasonable doubt. In determining the issue raised by such challenge, the evidence and the inferences to be drawn therefrom are to be viewed in a light most favorable to the state. The question, then, is whether the finding of guilt is supported by substantial evidence, that is, such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellant's guilt. (footnotes omitted)

Viewing the evidence in the light most favorable to the state, there is a fair inference from the evidence that Jernigan and the driver of the Ford [6] were engaged in a speed competition, i. e., were racing contrary to the administrative regulation involved in this case. Consequently, we conclude that there was sufficient evidence to support a conclusion by a reasonable person that there was no reasonable doubt as to Jernigan's guilt.

■ Jernigan's next contention is that there was no evidence to support the following statement made by the trial judge:

The court, as a trier of fact, did not find the defendant's testimony believable when he stated that he was not in pursuit of McKnight.

The proper standard of reviewing this contention has been recently stated in *O'Dell v. Municipality of Anchorage*, 573 P.2d 1381, 1383 (Alaska 1978):

The trial judge, as the trier of fact here, heard all the evidence and had the opportunity to observe the demeanor of the witnesses. Therefore, the trial judge, not the reviewing court, assesses the credibili-

---

4. *Speidel v. State, supra.*

5. The validity of anti-racing legislation, challenged for vagueness as here, has been upheld in most instances. *See, e. g., People v. Heckard*, 164 Colo. 19, 431 P.2d 1014, 1016 (1967); *State v. Turner*, 13 N.C.App. 603, 186 S.E.2d 681, 683 (1972), *cert. denied*, 281 N.C. 157, 187 S.E.2d 587 (1972); *City of Brookings v. Thomsen*, 84 S.D. 651, 176 N.W.2d 46, 51 (1970);

*Mackey v. State*, 400 S.W.2d 764 (Tex.Cr.App. 1966); *Annot.* 24 A.L.R.3d 1286, 1291 (1969).

6. At the trial, defense counsel stipulated that the driver of the Ford, a man named McKnight, had entered a plead of nolo contendere to the charge of racing. The district court concluded, however, that the state had proved its case beyond a reasonable doubt, even when the court had excluded the stipulation.

ty of the evidence presented. His determination will not be upset without a cogent showing that the evidence could not justify his finding.

There has been no such showing here. There was a conflict between the testimony of Jernigan and that of Officer Kott. The trial judge, with his opportunity to observe the demeanor and assess the candor and credibility of these two witnesses found Officer Kott's testimony more believable. The judge may have found that Jernigan's testimony was suspect when, for example, Jernigan testified that he had driven the road a hundred times and did not know the speed limit. In any event, Jernigan fails to convince this court that the evidence does not justify the trial judge's finding that Jernigan's testimony was not believable.

The judgment is AFFIRMED.