Roderick Gary WOODARDS, Appellant,

v.

STATE of Alaska, Appellee.

No. 4143.

Supreme Court of Alaska.

Dec. 21, 1979.

Deborah A. Paquette, James Oswald, Asst. Public Defenders, Brian Shortell, Public Defender, Anchorage, for appellant.

John G. Gissberg, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

Roderick G. Woodards, a novice fisherman, was cited for attempting to snag fish, in violation of 5 AAC 42.200, after a fish and wildlife protection officer observed Woodards repeatedly casting his line into the water over a period of 15 minutes and retrieving the lure, a variety known as a "Moose River Bullet," with quick hard jerks, causing the tip of the pole to move between six to eight feet on most of the jerks. A district court jury in Kenai convicted Woodards, and he was fined $50. The conviction was affirmed by the superior court. Woodards here again raises his claim that 5 AAC 42.200 is unconstitutionally vague.[1]

---

1. He also argues that his conviction was not supported by sufficient evidence. Since we conclude that, given the evidence presented, a reasonable mind could have found Woodards guilty beyond a reasonable doubt, we must deny this claim. *Jernigan v. State*, 583 P.2d

5 AAC 42.200 reads as follows:

Snagging Prohibited. In freshwater it is prohibited to intentionally snag or attempt to snag any fish. Fish unintentionally hooked elsewhere than in the mouth must be released immediately. Snagging is hooking a fish elsewhere than in the mouth.

In order to invalidate this regulation, Woodards must show that it either fails to give adequate notice of the conduct prohibited, or is drawn so loosely as to invite arbitrary enforcement. *Jernigan v. State*, 583 P.2d 224, 225 (Alaska 1978).[2] We do not find that the regulation suffers from either flaw.

In *State v. Martin*, 7 N.C.App. 532, 173 S.E.2d 47 (N.C.App.1970), the court held unconstitutionally vague a regulation which read, in its entirety, "It shall be unlawful to snag fish." The regulation here, by contrast, clearly defines the term "snag," and requires that intent to snag be proven. The definition provides constitutionally sufficient notice to potential violators, and the intent requirement minimizes the possibility of arbitrary enforcement. We find it neither necessary nor feasible for the regulation to try to specify the different actions by fisherman that could constitute attempted snagging.[3]

The conviction is AFFIRMED.

224, 226 (Alaska 1978); *Beck v. State*, 408 P.2d 996, 997 (Alaska 1965).

2.  *See also Larson v. State*, 564 P.2d 365, 371–72 (Alaska 1977); *Stock v. State*, 526 P.2d 3, 7–9 (Alaska 1974).

3.  We also conclude that fishermen are given adequate notice of the prohibition on snagging in the regulation books published by the Alaska Department of Fish and Game. *Compare Wacek v. State*, 530 P.2d 751 (Alaska 1975), where Wacek's conviction for discharging a rifle in a public park was reversed because park boundaries were not marked by signs or shown on any map, and the existence of the park was not mentioned in hunting regulations.